APPEAL,CLOSED,TYPE–C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:22–cv–02696–TSC</u>
### *Internal Use Only*

POWDER RIVER BASIN RESOURCE COUNCIL et al v. DEPARTMENT OF THE INTERIOR et al

Assigned to: Judge Tanya S. Chutkan

 Case: 1:22–cv–01716–TSC

 Case in other court:  USCA, 24–05268

USCA, 26–05093

Cause: 05:551 Administrative Procedure Act

Date Filed: 09/07/2022
Date Terminated: 03/02/2026
Jury Demand: None
Nature of Suit: 893 Environmental Matters
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| **POWDER RIVER BASIN RESOURCE COUNCIL** | represented by | **Todd C. Tucci** |
|---|---|---|

ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83702
(208) 342–7024
Email: ttucci@advocateswest.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hannah A. Goldblatt**
ADVOCATES FOR THE WEST
2512 SE 25th Ave
Suite 304
Portland, OR 97202
503–506–5131
Email: hgoldblatt@advocateswest.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah K. Stellberg**
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83701
208–342–7024
Email: sstellberg@advocateswest.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| **WESTERN WATERSHEDS PROJECT** | represented by | **Todd C. Tucci** |
|---|---|---|

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

1

**Hannah A. Goldblatt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah K. Stellberg**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**U.S. DEPARTMENT OF INTERIOR**          represented by   **Michael Keith Robertson**
DOJ–ENRD
150 M Street, NE
Washington, DC 20002
202–598–3835
Email: michael.robertson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**U.S. BUREAU OF LAND**          represented by   **Michael Keith Robertson**
**MANAGEMENT**          (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Movant</u>**

**CONTINENTAL RESOURCES, INC.**          represented by   **Alexander K. Obrecht**
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202
(303) 861–0600
Fax: (303) 861–7805
Email: aobrecht@bakerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Poe Leggette**
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202
(303) 861–0600
Fax: (303) 861–7805
Email: pleggette@bakerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**DEVON ENERGY PRODUCTION**                represented by    **Alexander K. Obrecht**
**COMPANY, L.P.**                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **L. Poe Leggette**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Movant**

**STATE OF WYOMING**                       represented by    **D. David DeWald**
                                                            WYOMING ATTORNEY GENERAL'S
                                                            OFFICE
                                                            109 State Capitol
                                                            Cheyenne, WY 82002
                                                            307−777−6199
                                                            Fax: 307−777−3542
                                                            Email: david.dewald@wyo.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Shannon Leininger**
                                                            WYOMING ATTORNEY GENERAL'S
                                                            OFFICE
                                                            Water & Natural Resources Division
                                                            109 State Capitol
                                                            Cheyenne, WY 82002
                                                            307−777−5780
                                                            Fax: 307−777−3542
                                                            Email: shannon.leininger@wyo.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Travis S. Jordan**
                                                            WYOMING ATTORNEY GENERAL'S
                                                            OFFICE
                                                            Water & Natural Resources Division
                                                            2320 Capitol Ave
                                                            Cheyenne, WY 82002
                                                            307−777−3539
                                                            Fax: 307−777−3542
                                                            Email: tsjordan@wyoming.com
                                                            *TERMINATED: 09/26/2024*
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ethan David Paddison**
                                                            WYOMING ATTORNEY GENERAL'S
                                                            OFFICE

Natural Resource Division
2424 Pioneer Ave
Ste 206
Cheyenne, WY 82002
307−777−3442
Email: ethan.paddison@wyo.gov
*ATTORNEY TO BE NOTICED*

**Movant**

| | | |
|---|---|---|
| **PETROLEUM ASSOCIATION OF WYOMING** | represented by | **Mark E. Champoux** |

DAVIS GRAHAM & STUBBS LLP
3400 Walnut Street
Ste 700
Denver, CO 80205
303−892−7493
Fax: 303−893−1379
Email: mark.champoux@davisgraham.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen C. Schroder**
DAVIS GRAHAM & STUBBS LLP
3400 Walnut Street
Ste 700
Denver, CO 80205
303−892−9400
Fax: 303−893−1379
Email: katie.schroder@davisgraham.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor**

| | | |
|---|---|---|
| **ANSCHUTZ EXPLORATION CORPORATION** | represented by | **Andrew C. Lillie** |

HOLLAND & HART LLP
555 17th Street
Suite 3200
Denver, CO 80202
303−295−8121
Email: aclillie@hollandhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristina R. Van Bockern**
Holland & Hart LLP
555 17th Street
Suite 3200
Denver, CO 80202
303−295−8107
Fax: 720−545−9952
Email: trvanbockern@hollandhart.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Mark D. Gibson**
HOLLAND & HART LLP
1800 Broadway
Suite 300
Boulder, CO 80302
303–473–4837
Email: MDGibson@hollandhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**DEVON ENERGY PRODUCTION COMPANY, L.P.**              represented by    **Alexander K. Obrecht**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Poe Leggette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**CONTINENTAL RESOURCES, INC.**    represented by    **Alexander K. Obrecht**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Poe Leggette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**U.S. DEPARTMENT OF INTERIOR**    represented by    **Michael Keith Robertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**U.S. BUREAU OF LAND MANAGEMENT**              represented by    **Michael Keith Robertson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**DEVON ENERGY PRODUCTION COMPANY, L.P.**

represented by **Alexander K. Obrecht**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Poe Leggette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**CONTINENTAL RESOURCES, INC.**

represented by **Alexander K. Obrecht**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**L. Poe Leggette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**POWDER RIVER BASIN RESOURCE COUNCIL**

represented by **Todd C. Tucci**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hannah A. Goldblatt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah K. Stellberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**WESTERN WATERSHEDS PROJECT**

represented by **Todd C. Tucci**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hannah A. Goldblatt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah K. Stellberg**

6

(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2022 | 1 | COMPLAINT against All Defendants ( Filing fee $ 402 receipt number ADCDC−9496889) filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons)(Tucci, Todd) (Entered: 09/07/2022) |
| 09/07/2022 | 2 | NOTICE OF RELATED CASE by All Plaintiffs. Case related to Case No. 22−cv−1716. (Tucci, Todd) (Entered: 09/07/2022) |
| 09/07/2022 | 3 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by POWDER RIVER BASIN RESOURCE COUNCIL (Tucci, Todd) (Entered: 09/07/2022) |
| 09/07/2022 | 4 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by WESTERN WATERSHEDS PROJECT (Tucci, Todd) (Entered: 09/07/2022) |
| 09/07/2022 | 5 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Sarah K. Stellberg, Filing fee $ 100, receipt number ADCDC−9498182. Fee Status: Fee Paid. by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration of Sarah K. Stellberg, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Tucci, Todd) (Entered: 09/07/2022) |
| 09/08/2022 | 6 | SUMMONS(2) Issued Electronically as to All Defendants. (Attachment: # 1 Notice and Consent)(zmrl) (Entered: 09/08/2022) |
| 09/08/2022 | | NOTICE OF ERROR re 1 Complaint; emailed to ttucci@advocateswest.org, cc'd 1 associated attorneys −− The PDF file you docketed contained errors: 1. Missing summonses−government. When naming a government agent or agency as a defendant, you must supply a summons for each defendant & two additional summonses for the U.S. Attorney & U.S. Attorney General. Please submit using the event Request for Summons to Issue., 2. **COMPLIANCE DEADLINE is by close of business today. This case will not proceed any further until all errors are satisfied.** (zmrl, ) (Entered: 09/08/2022) |
| 09/08/2022 | 7 | REQUEST FOR SUMMONS TO ISSUE filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Summons)(Tucci, Todd) (Entered: 09/08/2022) |
| 09/09/2022 | | Case Assigned to Judge Tanya S. Chutkan. (zmrl) (Entered: 09/09/2022) |
| 09/09/2022 | 8 | SUMMONS Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(zmrl) (Entered: 09/09/2022) |
| 09/12/2022 | 9 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Hannah A. Goldblatt, Filing fee $ 100, receipt number ADCDC−9510538. Fee Status: Fee Paid. by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration of Hannah A. Goldblatt In Support of Motion to Appear Pro Have Vice, # 2 Certificate of Good Standing, # 3 Text of Proposed Order)(Tucci, Todd) (Entered: 09/12/2022) |

| 09/13/2022 | | MINUTE ORDER granting 5 , 9 *Motions for Leave to Appear Pro Hac Vice* as to **Sarah K. Stellberg** and **Hannah A. Goldblatt**.<br><br>**Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Tanya S. Chutkan on 9/13/2022. (lcac) (Entered: 09/13/2022) |
|---|---|---|
| 09/13/2022 | 10 | NOTICE of Appearance by Sarah K. Stellberg on behalf of All Plaintiffs (Stellberg, Sarah) (Entered: 09/13/2022) |
| 09/14/2022 | 11 | NOTICE of Appearance by Hannah A. Goldblatt on behalf of All Plaintiffs (Goldblatt, Hannah) (Entered: 09/14/2022) |
| 09/26/2022 | 12 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/19/2022. Answer due for ALL FEDERAL DEFENDANTS by 11/18/2022. (Attachments: # 1 Exhibit Certified Mail Receipts)(Stellberg, Sarah) (Entered: 09/26/2022) |
| 09/26/2022 | 13 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 9/19/2022. (Attachments: # 1 Exhibit Certified Mail Receipts)(Stellberg, Sarah) (Entered: 09/26/2022) |
| 09/26/2022 | 14 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEPARTMENT OF THE INTERIOR served on 9/19/2022; U.S. BUREAU OF LAND MANAGEMENT served on 9/16/2022 (Attachments: # 1 Exhibit Certified Mail Receipts)(Stellberg, Sarah) (Entered: 09/26/2022) |
| 09/28/2022 | 15 | NOTICE of Appearance by Michael Keith Robertson on behalf of All Defendants (Robertson, Michael) (Entered: 09/28/2022) |
| 11/01/2022 | 16 | NOTICE of Appearance by L. Poe Leggette on behalf of CONTINENTAL RESOURCES, INC., Devon Energy Production Company, L.P. (Leggette, L.) (Entered: 11/01/2022) |
| 11/01/2022 | 17 | ENTERED IN ERROR.....RULE 26a1 STATEMENT. (Leggette, L.) Modified on 11/2/2022 refiled by counsel at entry 18 (zjm). (Entered: 11/01/2022) |
| 11/01/2022 | 18 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by CONTINENTAL RESOURCES, INC. (Leggette, L.) (Entered: 11/01/2022) |
| 11/01/2022 | 19 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by Devon Energy Production Company, L.P. (Leggette, L.) (Entered: 11/01/2022) |
| 11/01/2022 | 20 | MOTION to Intervene *as Defendants* by CONTINENTAL RESOURCES, INC., Devon Energy Production Company, L.P.. (Attachments: # 1 Memorandum in Support Statement of Points and Authorities in Support of Motion to Intervene as Defendants, # 2 Exhibit A – Proposed Answer, Counterclaim and Crossclaim, # 3 Declaration Rebecca A. Byram iso Motion to Intervene, # 4 Exhibit A to Byram Declaration, # 5 Exhibit B to Byram Declaration, # 6 Exhibit C to Byram Declaration, # 7 Exhibit D to Byram Declaration, # 8 Declaration of Emily Cozyris iso Motion to Intervene, # 9 Exhibit A to Cozyris Declaration, # 10 Text of Proposed Order)(Leggette, L.) (Entered: 11/01/2022) |

| 11/01/2022 | 21 | RESPONSE re 2 Notice of Related Case *(Objection)* filed by CONTINENTAL RESOURCES, INC., Devon Energy Production Company, L.P.. (Leggette, L.) (Entered: 11/01/2022) |
|---|---|---|
| 11/03/2022 | 22 | NOTICE of Appearance by Alexander K. Obrecht on behalf of CONTINENTAL RESOURCES, INC. (Obrecht, Alexander) (Entered: 11/03/2022) |
| 11/04/2022 | 23 | MOTION to Intervene by STATE OF WYOMING. (Attachments: # 1 Memorandum in Support, # 2 Proposed Answer, # 3 Text of Proposed Order)(Jordan, Travis) (Entered: 11/04/2022) |
| 11/04/2022 | 24 | NOTICE of Appearance by Travis S. Jordan on behalf of STATE OF WYOMING (Jordan, Travis) (Entered: 11/04/2022) |
| 11/04/2022 | 25 | NOTICE of Appearance by D. David DeWald on behalf of STATE OF WYOMING (DeWald, D. David) (Entered: 11/04/2022) |
| 11/04/2022 | 26 | RESPONSE re 2 Notice of Related Case *(Objection)* filed by STATE OF WYOMING. (Jordan, Travis) (Entered: 11/04/2022) |
| 11/04/2022 | | RESOLVED....NOTICE of Provisional/Government Not Certified Status re 22 NOTICE of Appearance by Alexander K. Obrecht on behalf of CONTINENTAL RESOURCES, INC. (Obrecht, Alexander). <br><br> Your attorney renewal has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal. <br><br> Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 11/11/2022. (zbaj) Modified on 11/7/2022 (zbaj). (Entered: 11/04/2022) |
| 11/15/2022 | 27 | REPLY re 2 Notice of Related Case *(Response to Proposed–Intervenors' Objections to Related–Case Designation)* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 11/15/2022) |
| 11/15/2022 | 28 | RESPONSE re 23 MOTION to Intervene , 20 MOTION to Intervene *as Defendants* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Goldblatt, Hannah) (Entered: 11/15/2022) |
| 11/17/2022 | 29 | NOTICE of Appearance by Mark E. Champoux on behalf of PETROLEUM ASSOCIATION OF WYOMING (Champoux, Mark) (Entered: 11/17/2022) |
| 11/17/2022 | 30 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kathleen C. Schroder, Filing fee $ 100, receipt number ADCDC–9681137. Fee Status: Fee Paid. by PETROLEUM ASSOCIATION OF WYOMING. (Attachments: # 1 Declaration of Kathleen C. Schroder in Support of Motion for Admission Pro Hac Vice, # 2 Exhibit Certificate of Good Standing, # 3 Proposed Order)(Champoux, Mark) (Entered: 11/17/2022) |
| 11/17/2022 | 31 | MOTION to Intervene by PETROLEUM ASSOCIATION OF WYOMING. (Attachments: # 1 Declaration of Pete Obermueller, # 2 Exhibit 1 to Obermueller |

| | | Declaration, # 3 Exhibit 2 to Obermueller Declaration, # 4 Exhibit 3 to Obermueller Declaration, # 5 Attachment−Complaint, # 6 [Proposed] Answer, # 7 Proposed Order)(Champoux, Mark) (Entered: 11/17/2022) |
|---|---|---|
| 11/17/2022 | 32 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by PETROLEUM ASSOCIATION OF WYOMING (Champoux, Mark) (Entered: 11/17/2022) |
| 11/17/2022 | 33 | RESPONSE re 2 Notice of Related Case filed by PETROLEUM ASSOCIATION OF WYOMING. (Champoux, Mark) (Entered: 11/17/2022) |
| 11/18/2022 | 34 | ANSWER to Complaint by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR.(Robertson, Michael) (Entered: 11/18/2022) |
| 11/22/2022 | 35 | REPLY re 23 MOTION to Intervene *to Intervene* filed by STATE OF WYOMING. (Jordan, Travis) Modified on 11/28/2022 to correct docket link/text (zjm). (Entered: 11/22/2022) |
| 11/22/2022 | 36 | REPLY re 27 Reply to Document *(Plaintiffs' Response to Proposed Intervenor−Defendants' Objections to Related−Case Designation* filed by STATE OF WYOMING. (Jordan, Travis) (Entered: 11/22/2022) |
| 11/22/2022 | 37 | REPLY to opposition to motion re 20 MOTION to Intervene *as Defendants*, 28 Response to motion *(Reply in Support of Motion to Intervene)* filed by CONTINENTAL RESOURCES, INC., Devon Energy Production Company, L.P.. (Leggette, L.) (Entered: 11/22/2022) |
| 11/22/2022 | 38 | REPLY re 27 Reply to Document, 21 Response to Document *(Reply in Support of Objection to Related−Case Designations)* filed by CONTINENTAL RESOURCES, INC., Devon Energy Production Company, L.P.. (Leggette, L.) (Entered: 11/22/2022) |
| 11/23/2022 | | MINUTE ORDER: Denying without prejudice 30 Motion for Admission Pro Hac Vice for failing to fully comply with Local Civil Rule 83.2(c)(2)(6). Affiants with offices located outside of the District of Columbia are still required to provide sufficient information for the court to determine whether the affiant "engages in the practice of law from an office located in the District of Columbia" and whether the affiant "is a member of the District of Columbia Bar or has an application for membership pending." Signed by Judge Tanya S. Chutkan on 11/23/2022. (lcja) (Entered: 11/23/2022) |
| 11/29/2022 | 39 | DECLARATION *(AMENDED)* by PETROLEUM ASSOCIATION OF WYOMING re 30 MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Kathleen C. Schroder, Filing fee $ 100, receipt number ADCDC−9681137. Fee Status: Fee Paid. filed by PETROLEUM ASSOCIATION OF WYOMING. (Champoux, Mark) (Entered: 11/29/2022) |
| 12/01/2022 | | Minute Order: Upon consideration of Movant PETROLEUM ASSOCIATION OF WYOMING's 39 Amended Declaration re 30 Motion for Leave to Appear Pro Hac Vice, Kathleen C. Schroder is hereby admitted pro hac vice to appear in this matter on behalf of Movant PETROLEUM ASSOCIATION OF WYOMING. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Tanya S. Chutkan on 12/01/2022. (lcja) (Entered: 12/01/2022) |
| 12/01/2022 | 40 | RESPONSE re 31 MOTION to Intervene *by Petroleum Association of Wyoming* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS |

| | | |
|---|---|---|
| | | PROJECT. (Attachments: # 1 Declaration of Sarah Stellberg, # 2 Exhibit 1 – PAW Website)(Stellberg, Sarah) (Entered: 12/01/2022) |
| 12/01/2022 | 41 | REPLY re 2 Notice of Related Case *(Response to Proposed–Intervenor PAW's Objection)* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 12/01/2022) |
| 12/01/2022 | 42 | NOTICE of Appearance by Kathleen C. Schroder on behalf of PETROLEUM ASSOCIATION OF WYOMING (Schroder, Kathleen) (Entered: 12/01/2022) |
| 12/08/2022 | 43 | REPLY to opposition to motion re 31 MOTION to Intervene filed by PETROLEUM ASSOCIATION OF WYOMING. (Champoux, Mark) Modified on 12/12/2022 to correct docket link/ text(zjm). (Entered: 12/08/2022) |
| 12/14/2022 | 44 | AMENDED COMPLAINT *filed with the written consent of Defendants under FRCP 15(a)(2)* against U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR filed by WESTERN WATERSHEDS PROJECT, POWDER RIVER BASIN RESOURCE COUNCIL.(Stellberg, Sarah) (Entered: 12/14/2022) |
| 12/23/2022 | 45 | NOTICE *of Lodging of Proposed Answer to Plaintiffs' First Amended Complaint* by PETROLEUM ASSOCIATION OF WYOMING re 44 Amended Complaint (Attachments: # 1 Proposed Answer of Defendant–Intervenor Petroleum Association of Wyoming to Plaintiffs' First Amended Complaint)(Champoux, Mark) (Entered: 12/23/2022) |
| 12/27/2022 | 46 | NOTICE *of Lodging of Proposed Answer to Plaintiffs' First Amended Complaint* by STATE OF WYOMING re 44 Amended Complaint (Attachments: # 1 Proposed Answer to Plaintiffs' First Amended Complaint)(Jordan, Travis) (Entered: 12/27/2022) |
| 12/28/2022 | 47 | MOTION to Intervene by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Exhibit Declaration of Joseph DeDominic, # 2 Exhibit AEC's Proposed Motion to Dismiss or Transfer Venue, # 3 Text of Proposed Order)(Gibson, Mark) (Entered: 12/28/2022) |
| 12/28/2022 | 48 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ANSCHUTZ EXPLORATION CORPORATION (Gibson, Mark) (Entered: 12/28/2022) |
| 12/28/2022 | 49 | ANSWER to 44 Amended Complaint by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR.(Robertson, Michael) (Entered: 12/28/2022) |
| 12/28/2022 | 50 | *Notice of Lodging AND* ANSWER to 44 Amended Complaint , CROSSCLAIM against US DEPT OF INTERIOR, U.S. BUREAU OF LAND MANAGEMENT, COUNTERCLAIM against POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT by DEVON ENERGY PRODUCTION COMPANY, L.P., CONTINENTAL RESOURCES, INC.. (Attachments: # 1 Exhibit A – Proposed Amended Answer)(Leggette, L.) (Entered: 12/28/2022) |
| 12/30/2022 | | MINUTE ORDER: GRANTING Continental Resources, Inc and Devon Energy Production Company L.P.'s 20 Motion to Intervene; GRANTING the State of Wyoming's 23 Motion to Intervene; and GRANTING Petroleum Associations of Wyoming's 31 Motion to Intervene. Plaintiffs do not oppose intervention by the four named Defendant–Intervenors, but instead request that the court impose briefing restrictions on Defendant–Intervenors that are analogous to restrictions set in *Center* |

| | | |
|---|---|---|
| | | *for Bio. Diversity et al. v. U.S. Dept. of the Interior et al* 22–cv–01716. *See* ECF No. 28 at 1–2; ECF No. 40 at 1–2. However, given that the court is now only granting four parties intervention status, the court will not impose briefing restrictions on Defendant–Intervenors at this stage. The court will rule on the Motions in Opposition to Relatedness, *see* ECF No. 21 , 26 , and 33 , in due course. Signed by Judge Tanya S. Chutkan on 12/30/2022. (lcja) (Entered: 12/30/2022) |
| 01/11/2023 | 51 | RESPONSE re 47 MOTION to Intervene filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 01/11/2023) |
| 01/17/2023 | | MINUTE ORDER: GRANTING Anschutz Exploration Corp.'s 47 Motion to Intervene, as Plaintiffs do not oppose, *see* ECF No. 51. Signed by Judge Tanya S. Chutkan on 1/17/2023. (lcja) (Entered: 01/17/2023) |
| 01/17/2023 | | MINUTE ORDER: Having granted motions to intervene by Continental Resources, Inc, Devon Energy Production Company L.P., State of Wyoming, Petroleum Associations of Wyoming, and Anschutz Exploration Corp., *see* Min. Order, 12/30/2022 and Min. Order, 01/17/2023 ("GRANTING Anschutz Exploration Corp.'s 47 Motion to Intervene"), it is hereby ORDERED that Defendant–Intervenors, save the State of Wyoming, shall consolidate all further motions, pleadings, memoranda, or other filings in this action, styling any filing as a joint filing "On Behalf of Defendant–Intervenors." To the extent that any such Defendant–Intervenor wishes to make a distinct argument, as part of a joint filing, such argument shall be made in an addendum limited to no more than five pages. It is further ORDERED that the State of Wyoming may file separate briefings but must still endeavor to coordinate with Federal Defendants and Defendant–Intervenors to incorporate by reference applicable law and facts, join arguments when appropriate, and avoid duplicative arguments. Any filing by a Defendant–Intervenor in contravention of this order and without leave of court, may be stricken *sua sponte*. Signed by Judge Tanya S. Chutkan on 1/17/2023. (lcja) (Entered: 01/17/2023) |
| 01/17/2023 | | MINUTE ORDER: The Court construes Defendant–Intervenor's Responses re 2 Notice of Related Cases, *see* ECF No. 21 , 33 , as motions in opposition to relatedness; both are DENIED. On September 7, 2022, Plaintiffs asserted that this matter is related to *Ctr. for Bio Diversity v. U.S. Dep't of Interior* 22–cv–1716, pursuant to Local Rule 40.5(a)(3) because it "relates to common property", "involved common issues of fact", and "grows out of the same event or transaction". *See* ECF No. 2. The Court agrees with Plaintiffs that this matter involves issues of fact that are common to *Ctr. for Bio Diversity* and will not reassign the case. Local Rule 40.5 intends to promote judicial economy where assigning related cases to different judges might produce conflicting decisions. *See Corsi v. Mueller*, No. 18–cv–2885 (RJL), 2019 WL 11322508, at *1 (D.D.C. Jan. 3, 2019). This matter challenges 362 of the same federal drilling permits which are part of the Converse County Oil and Gas Project in Wyomings Powder River Basin; both cases require review of the Converse County Project Environmental Impact Statement and Record of Decision; and there are overlapping legal theories, including violations of the National Environmental Policy Act and the Federal Land Policy Management Act. Although factual differences exist between these two cases, they are nonetheless related because there are clearly issues of fact that are common to both. *E.g., Assiniboine & Sioux Tribe of Fort Peck Indian Reservation v. Norton*, 211 F. Supp. 2d 157, 160 (D.D.C. 2002). Signed by Judge Tanya S. Chutkan on 1/17/2023. (lcja) (Entered: 01/17/2023) |

| | | |
|---|---|---|
| 01/17/2023 | | SHOW CAUSE MINUTE ORDER: All parties shall meet and confer and file a joint report, briefing whether this case should (i) be consolidated with related case 22–cv–1716, and/or (ii) be stayed pending resolution of case 22–cv–1716, by no later than February 8, 2023. The parties' joint response shall be limited to no more than twelve pages and accompanied by a proposed order. The parties shall give ample consideration to whether the briefing schedule in *Ctr. For Bio Diversity* 22–cv–01716 should be modified if the cases are consolidated. Signed by Judge Tanya S. Chutkan on 1/17/2023. (lcja) (Entered: 01/17/2023) |
| 01/17/2023 | 52 | NOTICE of Appearance by Andrew C. Lillie on behalf of ANSCHUTZ EXPLORATION CORPORATION (Lillie, Andrew) (Entered: 01/17/2023) |
| 01/17/2023 | 54 | DECLARATION of Joseph DeDominic by ANSCHUTZ EXPLORATION CORPORATION. (zjm) (Entered: 01/19/2023) |
| 01/17/2023 | 55 | MOTION to Dismiss, MOTION to Transfer Case by ANSCHUTZ EXPLORATION CORPORATION. (zjm) (Entered: 01/19/2023) |
| 01/18/2023 | 53 | MOTION to Dismiss *Continental and Devon's Counterclaim and Crossclaim* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 01/18/2023) |
| 01/23/2023 | | MINUTE ORDER: Briefing on all pending motions is hereby stayed until further order of the Court. The Court will consider the parties' response to the January 17, 2023 Show Cause Order, due February 8, 2023, and will then issue an order directing the parties on how to proceed in this matter. Signed by Judge Tanya S. Chutkan on 1/23/2023. (lcja) (Entered: 01/23/2023) |
| 01/25/2023 | 56 | Unopposed MOTION for Temporary Relief from Local Civil Rule 7(n) by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 01/25/2023) |
| 01/26/2023 | | MINUTE ORDER: Defendants' 56 Unopposed Motion for Temporary Relief from Local Civil Rule 7(n) is hereby GRANTED. Defendants are temporarily relieved from filing, or proposing a deadline for filing, a certified list of the contents of the Administrative Record. To the extent that the parties' joint status report, due February 8, 2023, would propose moving forward with briefing in this case, the parties shall also propose a new deadline for Defendants to comply with their Local Rule 7(n) obligation. Signed by Judge Tanya S. Chutkan on 1/26/2023. (lcja) (Entered: 01/26/2023) |
| 01/27/2023 | | Set/Reset Deadlines: Joint Status Report due by 2/8/2023. (tb) (Entered: 01/27/2023) |
| 02/08/2023 | 57 | Joint STATUS REPORT by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 02/08/2023) |
| 02/14/2023 | 58 | SCHEDULING ORDER: Motions to dismiss, for judgment on the pleadings, to transfer, and for preliminary injunction and responsive pleadings to any pending cross–claim or counterclaim are due March 13, 2023; Responsive Briefs are due April 10, 2023; and Reply Briefs are due May 1, 2023. The parties shall meet and confer and propose a schedule for production of the administrative record, no later than February 28, 2023. All pending motions, ECF Nos. 55 and 56, are hereby dismissed without prejudice. Signed by Judge Tanya S. Chutkan on 2/14/2023. (lcja) |

13

| | | (Entered: 02/14/2023) |
|---|---|---|
| 02/15/2023 | | Set/Reset Deadlines: Motions due by 3/13/2023. Responses due by 4/10/2023. Replies due by 5/1/2023. (tb) (Entered: 02/15/2023) |
| 02/28/2023 | 59 | Joint STATUS REPORT *on Proposed Administrative Record Schedule* by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 02/28/2023) |
| 03/01/2023 | 60 | NOTICE *of Position on Proposed Administrative Record Schedule* by STATE OF WYOMING re 59 Status Report (Jordan, Travis) (Entered: 03/01/2023) |
| 03/02/2023 | 61 | NOTICE *Private Defendants–Intervenors' Position on Proposed Administrative Record Schedule* by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P. re 60 Notice (Other), 59 Status Report (Leggette, L.) (Entered: 03/02/2023) |
| 03/02/2023 | | MINUTE ORDER: Having considered the parties' 59 Joint Status Report, the State of Wyoming's 60 Notice, and Private Defendant–Intervenors' 61 Notice, the Court will adopt the administrative record production schedule as proposed by federal Defendants. No later than March 7, 2023, federal Defendants shall file a proposed order which sets out in detail the administrative record production schedule as proposed in the "Joint Statement" and "Defendants' Proposal" sections of the joint status report, ECF No. 59 at 2–3, 8–9. The current proposed order has no proposed dates or actions and is insufficient to serve as a scheduling order in this matter. Signed by Judge Tanya S. Chutkan on 3/2/2023. (lcja) (Entered: 03/02/2023) |
| 03/02/2023 | | Set/Reset Deadlines: Proposed Order due by 3/7/2023. (tb) (Entered: 03/02/2023) |
| 03/07/2023 | 62 | NOTICE of Proposed Order by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR (Robertson, Michael) (Entered: 03/07/2023) |
| 03/08/2023 | 63 | Scheduling Order: The Administrative Record production schedule shall proceed in three stages, with the final production due no later than October 13, 2023. If no Motions to Complete or Supplement the AR are filed, then by no later than November 24, 2023, Federal Defendants shall file a certified list of AR contents in compliance with Local rule 7(n). If a Motion to Complete or Supplement the AR is filed, then by no later than November 24, 2023, or 28 days after the Court's disposition of the last AR Motion, whichever occurs later, Federal Defendants shall produce their Rule 7(n) certified list and complete production of documents agreed or ordered to be added to the AR (if any). The parties shall submit a proposed summary judgment briefing schedule no later than September 22, 2023. (See the Scheduling Order for further details). Signed by Judge Tanya S. Chutkan on 3/8/2023. (lcja) (Entered: 03/08/2023) |
| 03/08/2023 | | Set/Reset Deadlines: Proposed Order due by 3/7/2023. (tb) (Entered: 03/08/2023) |
| 03/13/2023 | 64 | MOTION for Preliminary Injunction by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Ex 1 – Declaration of Shannon Anderson, # 4 Ex 2 – Declaration of Maria Katherman, # 5 Ex 3 – Declaration of Leland Turner, # 6 Ex 4 – Declaration of Erik Molvar, # 7 Ex 5 – Declaration of Donal O'Toole, # 8 Ex 6 – Converse County ROD, # 9 Ex 7 – Converse County FEIS, # 10 Ex 8 – Converse County FEIS Appendices A, H, # 11 Ex 9 – Comment Letters, # 12 Ex 10 – APD Decision Index, # 13 Ex 11 – APD |

14

| | | |
|---|---|---|
| | | Records Part I, # 14 Ex 12 – APD Records Part II, # 15 Ex 13 – APD Records Part III, # 16 Ex 14 – BLM NEPA Handbook, # 17 Ex 15 – PIM 2018–014, # 18 Ex 16 – Examples of other BLM oil, gas projects, # 19 Ex 17 – EPA.gov, Health and Envt'l Effects of PM, # 20 Ex 18 – EPA.gov, Basic Information about Air Pollution Standards, # 21 Ex 19 – GAO Report on Energy Policy Act CXs, # 22 Ex 20 – Declaration of Chris Johnson)(Stellberg, Sarah) (Entered: 03/13/2023) |
| 03/13/2023 | 65 | MOTION to Dismiss *Continental and Devon's Counterclaim and Crossclaim* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 03/13/2023) |
| 03/13/2023 | 66 | Joint MOTION to Transfer Case *Motion to Transfer Venue* by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Exhibit Addendum to Joint Motion)(Lillie, Andrew) (Entered: 03/13/2023) |
| 03/13/2023 | 67 | Joint MOTION to Dismiss by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Exhibit AEC Addendum, # 2 Exhibit A, # 3 Text of Proposed Order)(Leggette, L.) (Entered: 03/13/2023) |
| 03/13/2023 | 68 | Joint MOTION to Transfer Case *Motion to Transfer Venue* by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Addendum to Joint Motion to Transfer Venue, # 2 Proposed Order Granting Joint Motion to Transfer Venue)(Lillie, Andrew) (Entered: 03/13/2023) |
| 03/13/2023 | 69 | VACATED PURSUANT TO MINUTE ORDER FILED ON 12/1/2023.....MOTION for Partial Summary Judgment by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Leggette, L.) Modified on 12/5/2023 (zed). (Entered: 03/13/2023) |
| 03/13/2023 | 70 | MOTION to Dismiss *Crossclaim* by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 03/13/2023) |
| 03/13/2023 | 71 | NOTICE *of AEC's Joinder in Partial Motion for Judgment on the Pleadings* by ANSCHUTZ EXPLORATION CORPORATION (Gibson, Mark) (Entered: 03/13/2023) |
| 03/15/2023 | | Set/Reset Deadlines: Proposed Briefing Schedule due by 9/22/2023. (tb) (Entered: 03/15/2023) |
| 03/28/2023 | 72 | MOTION for Extension of Time to File Response/Reply by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Robertson, Michael) (Entered: 03/28/2023) |
| 03/28/2023 | 73 | Joint MOTION for Joinder re 72 MOTION for Extension of Time to File Response/Reply *of Defendant–Intervenors* by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 03/28/2023) |
| 03/29/2023 | | MINUTE ORDER: Plaintiffs shall respond to Defendants' 72 Motion for Extension of Time and Defendant–Intervenors' 73 Joint Motion for Extension of time no later than March 31, 2023. And movants shall file their replies no later than April 4, 2023. Signed by Judge Tanya S. Chutkan on 3/29/2023. (lcja) (Entered: 03/29/2023) |

15

| | | |
|---|---|---|
| 03/29/2023 | | Set/Reset Deadlines: Response due by 3/31/2023. Replies due by 4/4/2023. (tb) (Entered: 03/29/2023) |
| 03/30/2023 | 74 | RESPONSE re 72 MOTION for Extension of Time to File Response/Reply filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration of Sarah Stellberg)(Stellberg, Sarah) Modified link on 4/4/2023 (znmw). (Entered: 03/30/2023) |
| 03/31/2023 | 75 | REPLY to opposition to motion re 72 MOTION for Extension of Time to File Response/Reply filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Robertson, Michael) (Entered: 03/31/2023) |
| 03/31/2023 | | MINUTE ORDER: Upon consideration of Defendants' motion and the parties briefs, the Court hereby Grants in part and DENIES in part Defendants' 72 Motion for Extension of Time to File Response and Defendant−Intervenor's 73 Joint Motion. The Court's February 14, 2023 Scheduling Order is hereby AMENDED as follows: Responsive Briefs are due April 24, 2023, and Reply Briefs are due May 15, 2023. Under Federal Rule of Civil Procedure 16(b)(4) a scheduling deadline may be extended upon a showing of "good cause." While Plaintiffs are correct that the previously agreed upon schedule and all of the motions were filed were fully contemplated by the parties, even Plaintiffs do not contend that Defendants were given advance notice that the motion for preliminary injunction would include over 5,000 pages of exhibits. And Plaintiffs have not demonstrated how they will be prejudiced by a two−week extension. Consequently, in order to provide the parties time to review the exhibits and respond to the motions, the Court will grant a two−week extension. Further, the parties are reminded that all motions are to be accompanied by a proposed order. Signed by Judge Tanya S. Chutkan on 3/31/2023. (lcja) (Entered: 03/31/2023) |
| 04/05/2023 | 76 | Unopposed MOTION for Extension of Time to File Response/Reply by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 04/05/2023) |
| 04/06/2023 | | MINUTE ORDER: Plaintiffs' 76 Unopposed Motion for Extension of Reply Deadline is hereby GRANTED and the Court's February 14, 2023, Scheduling Order is hereby AMENDED as follows: Reply Briefs are due May 26, 2023. Signed by Judge Tanya S. Chutkan on 4/6/2023. (lcja) (Entered: 04/06/2023) |
| 04/06/2023 | | Set/Reset Deadlines: Response due by 4/24/2023. Reply due by 5/15/2023. (tb) (Entered: 04/06/2023) |
| 04/06/2023 | | Set/Reset Deadlines: Reply due by 5/26/2023. (tb) (Entered: 04/06/2023) |
| 04/10/2023 | | Set/Reset Deadlines: Replies due by 5/26/2023. (tb) (Entered: 04/10/2023) |
| 04/24/2023 | 77 | Memorandum in opposition to re 64 Motion for Preliminary Injunction,,,, filed by STATE OF WYOMING. (Attachments: # 1 Declaration of Thomas Kropatsch, # 2 Declaration of Nancy Vehr, # 3 Declaration of James Willox, # 4 Declaration of Jennifer Scoggin, # 5 Declaration of Boner, Moore, Magagna, # 6 Declaration of Faber, Pexton, Roumell, Holt)(Jordan, Travis) (Entered: 04/24/2023) |
| 04/24/2023 | 78 | RESPONSE re 70 MOTION to Dismiss *Crossclaim* filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Text of Proposed Order)(Leggette, L.) (Entered: 04/24/2023) |
| 04/24/2023 | 79 | |

| | | |
|---|---|---|
| | | RESPONSE re 65 MOTION to Dismiss *Continental and Devon's Counterclaim and Crossclaim* filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Text of Proposed Order)(Leggette, L.) (Entered: 04/24/2023) |
| 04/24/2023 | 80 | Memorandum in opposition to re 64 Motion for Preliminary Injunction,,,, filed by PETROLEUM ASSOCIATION OF WYOMING. (Attachments: # 1 Text of Proposed Order [PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, # 2 Exhibit 1 – Declaration of Rebecca A. Byram & David Broussard, # 3 Exhibit 2 – Illustration of Horizontal Well, # 4 Exhibit 3 – Declaration of Ryan Baker, # 5 Exhibit 4 – Map of Challenged APDs, # 6 Exhibit 5 – Reno–Sparks Indian Colony v. Haaland, # 7 Exhibit 6 – Declaration of Stephen A. Moore, # 8 Exhibit 7 – Declaration of Frank Glenn Eathorne, Jr., # 9 Exhibit 8 – Declaration of Timothy Tillard, # 10 Exhibit 9 – Combined Declaration of Robert Boner et al., # 11 Exhibit 10 – Declaration of Joseph DeDominic, # 12 Exhibit 11 – Declaration of Pete Obermueller, # 13 Exhibit 12 – BLM Instruction Memorandum No. 2009–078, # 14 Exhibit 13 – Wyoming Executive Order No. 2019–3, # 15 Exhibit 14 – Declaration of Kelly Meyers, # 16 Exhibit 15 – Declaration of Hunt Walker, # 17 Exhibit 16 – Letter from Senator Barrasso et al. to Secretary Haaland)(Champoux, Mark) (Entered: 04/24/2023) |
| 04/24/2023 | 81 | Memorandum in opposition to re 67 Motion to Dismiss filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration of Sarah Stellberg, # 2 Exhibit A – June 13, 2022 Comment Letter, # 3 Exhibit B – July 15, 2022 Comment Letter, # 4 Exhibit C – August 16, 2022 Comment Letter)(Stellberg, Sarah) (Entered: 04/24/2023) |
| 04/24/2023 | 82 | Memorandum in opposition to re 68 Motion to Transfer Case filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration of Hannah Goldblatt, # 2 Exhibit A – Letter from MacGregor to Kudlow, # 3 Exhibit B – Joe Balash Calendar, # 4 Exhibit C – Converse FOIA records)(Stellberg, Sarah) (Entered: 04/24/2023) |
| 04/24/2023 | 83 | Memorandum in opposition to re 64 Motion for Preliminary Injunction,,,, filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Exhibit 1. Declaration of Amelia Savage, # 2 Exhibit 2. Casper RMP, # 3 Exhibit 3. Converse County DEIS through Chapter 2, # 4 Exhibit 4. Converse County SDEIS, # 5 Exhibit 5. Converse County FEIS Appendix G, # 6 Text of Proposed Order)(Robertson, Michael) (Entered: 04/24/2023) |
| 04/24/2023 | 84 | Memorandum in opposition to re 69 Motion for Partial Summary Judgment filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 04/24/2023) |
| 04/24/2023 | 85 | Memorandum in opposition to re 68 Motion to Transfer Case, 66 Motion to Transfer Case filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 04/24/2023) |
| 04/24/2023 | 86 | RESPONSE re 67 Joint MOTION to Dismiss filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 04/24/2023) |
| 04/24/2023 | 87 | RESPONSE re 69 MOTION for Partial Summary Judgment filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of |

| | | |
|---|---|---|
| | | Proposed Order)(Robertson, Michael) (Entered: 04/24/2023) |
| 05/22/2023 | 88 | MOTION for Leave to File Excess Pages by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Goldblatt, Hannah) (Entered: 05/22/2023) |
| 05/26/2023 | 89 | REPLY to opposition to motion re 65 MOTION to Dismiss *Continental and Devon's Counterclaim and Crossclaim* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 05/26/2023) |
| 05/26/2023 | 90 | REPLY to opposition to motion re 70 MOTION to Dismiss *Crossclaim* filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Robertson, Michael) (Entered: 05/26/2023) |
| 05/26/2023 | 91 | REPLY to opposition to motion re 64 MOTION for Preliminary Injunction filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 05/26/2023) |
| 05/26/2023 | | MINUTE ORDER: Plaintiffs' 88 Motion for Leave to File Excess Pages is GRANTED. Signed by Judge Tanya S. Chutkan on 5/26/2023. (lcja) (Entered: 05/26/2023) |
| 05/26/2023 | 92 | REPLY to opposition to motion re 68 Joint MOTION to Transfer Case *Motion to Transfer Venue Defendants−Intervenors Reply in Support of Motion to Transfer Venue* filed by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Lillie, Andrew) (Entered: 05/26/2023) |
| 05/26/2023 | 93 | REPLY to opposition to motion re 67 Joint MOTION to Dismiss filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Supplement Anschutz Exploration Corporations Reply Addendum in Support of Defendants−Intervenors Joint Motion to Dismiss, # 2 Exhibit A)(Leggette, L.) (Entered: 05/26/2023) |
| 05/26/2023 | 94 | REPLY to opposition to motion re 69 MOTION for Partial Summary Judgment filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Exhibit 1)(Leggette, L.) (Entered: 05/26/2023) |
| 06/06/2023 | | MINUTE ORDER: No later than June 12 at 12 PM, the parties are hereby ORDERED to meet, confer, and propose dates and times for a hearing on Plaintiffs' Preliminary Injunction, ECF No. 64 . The Court is available for an in−person hearing on the following days: June 22 at 3 PM, June 23 at 3 PM, June 26 between 11 AM and 2 PM, July 3 between 10 AM and 3 PM, July 12 at 3:30 PM, July 14 between 10 AM and 3 PM, and July 21 between 10 AM and 3 PM. Signed by Judge Tanya S. Chutkan on 6/06/2023. (lcja) (Entered: 06/06/2023) |
| 06/06/2023 | | Set/Reset Deadlines: Attorney Meet and Confer by 6/12/2023. (nbn) (Entered: 06/08/2023) |
| 06/12/2023 | 95 | Joint STATUS REPORT by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 06/12/2023) |
| 06/12/2023 | | MINUTE ORDER: Upon consideration of the parties' 95 Joint Status Report, it is hereby ORDERED that a hearing on Plaintiffs' Motion for a Preliminary Injunction is set for July 14, 2023, at 2 PM. The hearing will be limited to legal argument. See Local Civ. Rule 65.1 ("[t]he practice in this jurisdiction is to decide preliminary |

| | | |
|---|---|---|
| | | injunction motions without live testimony where possible.... The Court may decline to hear witnesses at the hearing where the need for live testimony is outweighed by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). The parties shall be prepared to answer questions from the Court regarding Plaintiffs' motion, as well as to support their respective arguments regarding Plaintiffs' standing to challenge the 2020 Converse County Record of Decision and the subsequently approved Applications for Permits to Drill. Signed by Judge Tanya S. Chutkan on 6/12/2023. (lcja) (Entered: 06/12/2023) |
| 06/21/2023 | 96 | MOTION for Hearing re 95 Status Report, 64 MOTION for Preliminary Injunction by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Text of Proposed Order, # 2 Text of Proposed Order)(Leggette, L.) (Entered: 06/21/2023) |
| 06/26/2023 | | MINUTE ORDER: Defendant–Intervenor's 96 Motion for Hearing is hereby HELD in ABEYANCE until the Preliminary Injunction Hearing set for July 14, 2023 at 2 PM. At this time, Defendant–Intervenors have not shown, and the court does not find, that "there are genuine issues of material fact raised in opposition to [the] motion for preliminary injunction" such that "an evidentiary hearing is required." Cobell v. Norton, 391 F.3d 251, 261 (D.C. Cir. 1984). After the court hears legal argument from the parties at the Preliminary Injunction Hearing, it will consider whether an evidentiary hearing "outweigh[s]... considerations of undue delay, waste of time, or needless presentation of cumulative evidence," or if the motion can be decided "without live testimony." Local Civ. Rule 65.1. Signed by Judge Tanya S. Chutkan on 6/26/2023. (lcja) (Entered: 06/26/2023) |
| 07/03/2023 | | MINUTE ORDER: At the Preliminary Injunction Hearing set for July 14, 2023 at 2 PM, the parties shall be prepared to argue the following issues, within the set parameters: (i) Private Defendant–Intervenors and Plaintiffs are each allotted 10 minutes to argue standing, and Defendants are allotted 5 minutes to argue standing; and (ii) Plaintiffs and Defendants are each allotted 15 minutes to argue for and against Plaintiffs' Motion for Preliminary Injunction, and Private Defendant–Intervenors and the State of Wyoming are each allotted 5 minutes to argue against the Motion for Preliminary Injunction. Further, the parties shall be prepared answer the Court's questions, and the court, in its discretion, shall extend or shorten a parties' allotted time as necessary to ventilate the salient issues in this action. This hearing is scheduled to last no longer than 1 hour and 15 minutes. Signed by Judge Tanya S. Chutkan on 7/03/2023. (lcja) (Entered: 07/03/2023) |
| 07/12/2023 | 97 | Unopposed MOTION for Extension of Time to *Confer and File Motions on Stage One Administrative Record* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Goldblatt, Hannah) (Entered: 07/12/2023) |
| 07/13/2023 | | MINUTE ORDER: Plaintiff's 97 Unopposed Motion for Extension of Time is hereby GRANTED for good cause shown. The Court's March 8, 2023, Scheduling Order is hereby AMENDED as follows: Motions to Complete or Supplement the Converse County ROD & EIS AR are due July 28, 2023; Responses in Opposition to Motions to Complete or Supplement the Converse County ROD & EIS AR are due August 25, 2023; and Replies in Support of Motions to Complete or Supplement the Converse County ROD & EIS AR are due September 8, 2023. Signed by Judge Tanya S. Chutkan on 7/13/2023. (lcja) (Entered: 07/13/2023) |
| 07/14/2023 | | |

| | | |
|---|---|---|
| | | Set/Reset Deadlines/Hearings: Motions to Complete or Supplement the Converse County ROD & EIS AR due by 7/28/2023. Responses due by 8/25/2023. Replies due by 9/8/2023. (zcdw) (Entered: 07/14/2023) |
| 07/14/2023 | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Motion Hearing held on 7/14/2023 re Motion 64 for Preliminary Injunction. Motion heard and taken under advisement. (Court Reporter: Lisa Moreira) (zcdw) (Entered: 07/17/2023) |
| 07/17/2023 | 98 | NOTICE *of Correction* by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR (Robertson, Michael) (Entered: 07/17/2023) |
| 07/26/2023 | 99 | TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING before Judge Tanya S. Chutkan held on July 14, 2023; Page Numbers: 1−61. Date of Issuance:July 26, 2023. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354−3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/16/2023. Redacted Transcript Deadline set for 8/26/2023. Release of Transcript Restriction set for 10/24/2023.(Moreira, Lisa) (Entered: 07/26/2023) |
| 07/28/2023 | 100 | WITHDRAWN PURSUANT TO NOTICE FILED 01/17/2024.....MOTION TO CONSIDER EXTRA−RECORD EVIDENCE by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order, # 3 Exhibit A − Decision and EA for Laramie Project, # 4 Exhibit B − Decision and EA for La Sal Project, # 5 Exhibit C − Decision and EA for Harper Project, # 6 Exhibit D − Decision and EA for Tabor Project, # 7 Exhibit E − Decision and EA for Alta Vista Slaughterhouse Project)(Stellberg, Sarah) Modified on 1/18/2024 (zjm). (Entered: 07/28/2023) |
| 08/24/2023 | 101 | Memorandum in opposition to re 100 Motion for Miscellaneous Relief,, *(to Consider Extra−Record Evidence)* filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 08/24/2023) |
| 08/25/2023 | 102 | Memorandum in opposition to re 100 Motion for Miscellaneous Relief,, filed by U.S. BUREAU OF LAND MANAGEMENT, US DEPT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 08/25/2023) |
| 09/08/2023 | 103 | REPLY to opposition to motion re 100 MOTION TO CONSIDER EXTRA−RECORD EVIDENCE filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: |

| | | |
|---|---|---|
| | | 09/08/2023) |
| 09/22/2023 | 104 | PROPOSED BRIEFING SCHEDULE by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 09/22/2023) |
| 11/06/2023 | 105 | MEMORANDUM OPINION re: 64 Plaintiffs' Motion for a Preliminary Injunction; 68 Private–Intervenor's Motion to Transfer; and 67 Private–Intervenors' Motion to Dismiss. Signed by Judge Tanya S. Chutkan on 11/06/23. (lce) (Entered: 11/06/2023) |
| 11/06/2023 | 106 | ORDER: DENYING 64 Plaintiffs' Motion for Preliminary Injunction. Signed by Judge Tanya S. Chutkan on 11/06/23. (lce) (Entered: 11/06/2023) |
| 11/06/2023 | 107 | ORDER: GRANTING in part and DENYING in part 67 Private–Intervenors' Joint Motion to Dismiss. Signed by Judge Tanya S. Chutkan on 11/06/23. (lce) (Entered: 11/06/2023) |
| 11/06/2023 | 108 | ORDER: DENYING 68 Private–Intervenors' Joint Motion to Transfer and DENYING as moot 66 Private–Intervenors' Joint Motion to Transfer. Signed by Judge Tanya S. Chutkan on 11/06/23. (lce) (Entered: 11/06/2023) |
| 11/06/2023 | | MINUTE ORDER: DENYING as moot 96 Motion for Hearing re 64 Motion for Preliminary Injunction. Signed by Judge Tanya S. Chutkan on 11/06/23. (lce) (Entered: 11/06/2023) |
| 11/07/2023 | | MINUTE ORDER: The parties shall meet and confer and file a Joint Status Report by December 1, 2023, stating their position(s) on whether 100 Motion to Consider Extra–Record Evidence is now moot. To the extent the parties request a change to the status quo, the status report shall be accompanied by a proposed order. Signed by Judge Tanya S. Chutkan on 11/07/23. (lce) (Entered: 11/07/2023) |
| 11/07/2023 | | Set/Reset Deadlines: Status Report due by 12/1/2023. (znbn) (Entered: 11/07/2023) |
| 12/01/2023 | 109 | Joint STATUS REPORT by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 12/01/2023) |
| 12/01/2023 | 110 | Unopposed MOTION to Withdraw 69 MOTION for Partial Summary Judgment by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Text of Proposed Order)(Leggette, L.) (Entered: 12/01/2023) |
| 12/01/2023 | | MINUTE ORDER: GRANTING 110 Unopposed Motion to Withdraw 69 Motion for Partial Summary Judgment. Signed by Judge Tanya S. Chutkan on 12/01/23. (lce) (Entered: 12/01/2023) |
| 12/08/2023 | 111 | Joint STATUS REPORT by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 12/08/2023) |
| 01/17/2024 | 112 | NOTICE OF WITHDRAWAL OF MOTION by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT re 100 MOTION TO CONSIDER EXTRA–RECORD EVIDENCE (Stellberg, Sarah) (Entered: 01/17/2024) |
| 01/18/2024 | 113 | MEMORANDUM OPINION re: 65 Motion to Dismiss Continental and Devon's Counterclaim and Crossclaim and 70 Motion to Dismiss Crossclaim. Signed by Judge Tanya S. Chutkan on 1/18/24. (lce) (Entered: 01/18/2024) |

| 01/18/2024 | 114 | ORDER GRANTING 70 Motion to Dismiss Crossclaim. Signed by Judge Tanya S. Chutkan on 1/18/24. (lce) (Entered: 01/18/2024) |
|---|---|---|
| 01/18/2024 | 115 | ORDER GRANTING in part and DENYING in part 65 Motion to Dismiss Counterclaim and Crossclaim. Signed by Judge Tanya S. Chutkan on 1/18/24. (lce) (Entered: 01/18/2024) |
| 01/18/2024 | | MINUTE ORDER: Upon consideration of 104 Joint Proposed Summary Judgment Briefing Schedule and 111 Joint Status Report, Plaintiff's opening summary judgment motion and brief shall be limited to 55 pages and shall be filed on or before February 8, 2024; Federal Defendants' summary judgment motion and combined opening/response brief shall be limited to 55 pages and shall be filed on or before March 28, 2024; Wyoming's and Private Intervenors' summary judgment motions and combined/opening response briefs shall be limited to 55 pages and shall be filed on or before April 11, 2024; Plaintiff's combined response/reply brief shall be limited to 75 pages and shall be filed on or before May 16, 2024; Federal Defendants' reply brief shall be limited to 25 pages and shall be filed on or before June 13, 2024; and Wyoming's and Private Intervenors' reply brief shall be limited to 25 pages and shall be filed on or before June 20, 2024. Signed by Judge Tanya S. Chutkan on 1/18/24. (lce) (Entered: 01/18/2024) |
| 01/26/2024 | 116 | MOTION for Summary Judgment by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Stellberg, Sarah) (Entered: 01/26/2024) |
| 02/14/2024 | 117 | NOTICE *of Filing Certified Administrative Record Index* by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR (Attachments: # 1 Exhibit Certified List of the Contents of the AR, # 2 Exhibit Certification)(Robertson, Michael) (Entered: 02/14/2024) |
| 03/28/2024 | 118 | Cross MOTION for Summary Judgment *and Response Brief in Opposition* by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 03/28/2024) |
| 03/28/2024 | 119 | Memorandum in opposition to re 116 Motion for Summary Judgment filed by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (See Docket Entry 118 to view document) (zjm) (Entered: 04/02/2024) |
| 04/11/2024 | 120 | Memorandum in opposition to re 116 Motion for Summary Judgment *and Cross−Motion for Summary Judgment* filed by STATE OF WYOMING. (Attachments: # 1 Exhibit J. Manley Declaration, # 2 Exhibit Prior L. Turner Declarations)(Jordan, Travis) (Entered: 04/11/2024) |
| 04/11/2024 | 121 | Cross MOTION for Summary Judgment *and Response in Opposition to Plaintiffs' Motion for Summary Judgment* by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 04/11/2024) |
| 04/11/2024 | 122 | Memorandum in opposition to re 116 Motion for Summary Judgment *of Plaintiffs* filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 04/11/2024) |
| 04/11/2024 | 123 | Cross MOTION for Summary Judgment by STATE OF WYOMING. (See Docket Entry 120 to view document) (zjm) (Entered: 04/15/2024) |

| 05/16/2024 | 124 | REPLY to opposition to motion re 116 MOTION for Summary Judgment filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Exhibit 1 – Chowdhury et al., Multifactor analysis of specific storage estimate, # 2 Exhibit 2 – Declaration of Sarah Stellberg)(Stellberg, Sarah) (Entered: 05/16/2024) |
|---|---|---|
| 06/13/2024 | 125 | REPLY to opposition to motion re 118 Cross MOTION for Summary Judgment *and Response Brief in Opposition* filed by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (Robertson, Michael) (Entered: 06/13/2024) |
| 06/20/2024 | 126 | REPLY to opposition to motion re 116 MOTION for Summary Judgment *and combined reply in support of the State's cross−motion for summary judgment* filed by STATE OF WYOMING. (Jordan, Travis) (Entered: 06/20/2024) |
| 06/20/2024 | 127 | REPLY to opposition to motion re 121 Cross MOTION for Summary Judgment *and Response in Opposition to Plaintiffs' Motion for Summary Judgment* filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 06/20/2024) |
| 06/28/2024 | 128 | Joint MOTION for Extension of Time to File *Local Rule 7(n) Joint Appendix* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 06/28/2024) |
| 06/28/2024 | | MINUTE ORDER: GRANTING 128 Joint Motion for Extension of Time. The parties shall file the Joint Appendix required by Local Civil Rule 7(n) on or before July 11, 2024. Signed by Judge Tanya S. Chutkan on 6/28/24. (lce) (Entered: 06/28/2024) |
| 07/11/2024 | 129 | JOINT APPENDIX *of the Administrative Record* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 AR Appendix Vol 1, # 2 AR Appendix Vol 2, # 3 AR Appendix Vol 3, # 4 AR Appendix Vol 4, # 5 AR Appendix Vol 5, # 6 AR Appendix Vol WYP3)(Stellberg, Sarah) (Entered: 07/11/2024) |
| 09/13/2024 | 130 | MEMORANDUM OPINION re: 116 Plaintiffs' Motion for Summary Judgment, 118 Defendants' Cross Motion for Summary Judgment, 121 Intervenors' Cross Motion for Summary Judgment, and 123 Wyoming's Cross Motion for Summary Judgment. Signed by Judge Tanya S. Chutkan on 9/13/24. (lce) (Entered: 09/13/2024) |
| 09/13/2024 | 131 | ORDER: GRANTING in part 116 Plaintiffs' Motion for Summary Judgment, DENYING 118 Defendants' Cross Motion for Summary Judgment, DENYING 121 Intervenors' Cross Motion for Summary Judgment, and DENYING 123 Wyoming's Cross Motion for Summary Judgment. Plaintiffs shall file a supplemental brief on remedy on or before October 25, 2024. Defendants and Intervenors shall file a supplemental response on or before November 8, 2024. Further APD approvals based on the deficient EIS are hereby ENJOINED pending further order of the court. See Order for details. Signed by Judge Tanya S. Chutkan on 9/13/24. (lce) (Entered: 09/13/2024) |
| 09/26/2024 | 132 | NOTICE of Appearance by Shannon Leininger on behalf of STATE OF WYOMING (Leininger, Shannon) (Main Document 132 replaced on 9/27/2024) (znmw). (Entered: 09/26/2024) |
| 09/26/2024 | 133 | |

| | | |
|---|---|---|
| | | NOTICE OF WITHDRAWAL OF APPEARANCE as to STATE OF WYOMING. Attorney Travis S. Jordan terminated. (Jordan, Travis) (Entered: 09/26/2024) |
| 10/04/2024 | 134 | Joint MOTION to Clarify re 130 Memorandum Opinion and 131 Order by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) Modified to add links on 10/7/2024 (znmw). (Entered: 10/04/2024) |
| 10/07/2024 | | MINUTE ORDER: GRANTING 134 Joint Motion for Clarification. Because the court determined that the Environmental Impact Statement violated the National Environmental Policy Act ("NEPA"), it granted summary judgment to Plaintiffs and denied it to Defendants and Intervenors on the NEPA claim. The court did not consider the merits of the remaining claims because it decided that the Converse County Oil and Gas Project approval was unlawful on NEPA grounds. Consequently, the court denied summary judgment to both parties on the remaining claims, and those claims remain before the court for potential consideration following remand. Signed by Judge Tanya S. Chutkan on 10/7/24. (lce) (Entered: 10/07/2024) |
| 10/25/2024 | 135 | MEMORANDUM by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Declaration – Declaration of Hannah Goldblatt, # 2 Text of Proposed Order – Proposed Remedies Order)(Goldblatt, Hannah) (Entered: 10/25/2024) |
| 11/07/2024 | 136 | NOTICE of Appearance by Kristina R. Van Bockern on behalf of ANSCHUTZ EXPLORATION CORPORATION (Van Bockern, Kristina) (Entered: 11/07/2024) |
| 11/08/2024 | 137 | MEMORANDUM by STATE OF WYOMING. (Attachments: # 1 Declaration of Jeremy Manley)(Leininger, Shannon) (Entered: 11/08/2024) |
| 11/08/2024 | 138 | MEMORANDUM by ANSCHUTZ EXPLORATION CORPORATION. (Attachments: # 1 Exhibit EX 1 – WWC Engineering Memo, # 2 Declaration EX 2 – Decl of Jesse Martin, # 3 Declaration EX 3 – Decl of Mark Brown, # 4 Declaration EX 4 – Decl of Glen Christiansen, # 5 Declaration EX 5 – Decl of Joseph DeDominic, # 6 Declaration EX 6 – Decl of Timothy Sulser, # 7 Declaration EX 7 – Decl of Ryan Baker, # 8 Declaration EX 8 – Decl of Bryam and Carlson, # 9 Declaration EX 9 – Decl of Hunt Walker, # 10 Declaration EX 10 – Decl of Wendy Meyer, # 11 Declaration EX 11 – Decl of Rodney York, # 12 Declaration EX 12 – Decl of Gregory Graham)(Van Bockern, Kristina) (Entered: 11/08/2024) |
| 11/08/2024 | 139 | MEMORANDUM by U.S. DEPARTMENT OF INTERIOR, U.S. BUREAU OF LAND MANAGEMENT. (Attachments: # 1 Declaration of Kevin Christensen)(Robertson, Michael) (Entered: 11/08/2024) |
| 11/12/2024 | 140 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 130 Memorandum & Opinion, 131 Order on Motion for Summary Judgment,,,,,,,,,,,,, Set/Reset Deadlines,, by DEVON ENERGY PRODUCTION COMPANY, L.P., CONTINENTAL RESOURCES, INC.. Filing fee $ 605, receipt number BDCDC–11294034. Fee Status: Fee Paid. Parties have been notified. (Leggette, L.) (Entered: 11/12/2024) |
| 11/13/2024 | 141 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 140 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 11/13/2024) |
| 11/15/2024 | 142 | REPLY re 139 Memorandum, 137 Memorandum, 138 Memorandum,, *on Remedies* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN |

| | | |
|---|---|---|
| | | WATERSHEDS PROJECT. (Attachments: # 1 Supplemental Administrative Record Excerpts)(Stellberg, Sarah) (Entered: 11/15/2024) |
| 11/22/2024 | | USCA Case Number 24–5268 for 140 Notice of Appeal to DC Circuit Court, filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (zdp) (Entered: 11/25/2024) |
| 12/13/2024 | 143 | NOTICE of Change of Address by Kathleen C. Schroder (Schroder, Kathleen) (Entered: 12/13/2024) |
| 03/13/2025 | 144 | MANDATE of USCA as to 140 Notice of Appeal to DC Circuit Court, filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P. ; USCA Case Number 24–5268. (Attachment: # 1 USCA Order March 13, 2025)(zjm) (Entered: 03/17/2025) |
| 06/13/2025 | 145 | MOTION for Relief from Judgment by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (Attachments: # 1 Exhibit Proposed Order)(Robertson, Michael) (Entered: 06/13/2025) |
| 06/13/2025 | 146 | NOTICE *Private Defendant–Intervenors' Joint Notice of Joinder in Federal Defendants' Motion to Dissolve Injunction* by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P. re 145 Motion for Relief from Judgment (Leggette, L.) (Entered: 06/13/2025) |
| 06/16/2025 | 147 | MOTION for Joinder re 145 MOTION for Relief from Judgment by STATE OF WYOMING. (Leininger, Shannon) (Entered: 06/16/2025) |
| 06/27/2025 | 148 | MOTION to Dissolve Interim Injunction re 145 MOTION for Relief from Judgment , 130 Memorandum & Opinion, 131 Order on Motion for Summary Judgment,,,,,,,,,,,,, Set/Reset Deadlines,, *of Private Defendant–Intervenors* by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Exhibit A – Decl. of Jesse Martin, # 2 Exhibit B – Decl. of Glen Christiansen, # 3 Exhibit C – Decl. of Timothy Sulser, # 4 Exhibit D – Decl. of Hunt Walker, # 5 Exhibit E – Decl. of Joseph DeDominic, # 6 Text of Proposed Order)(Leggette, L.) (Entered: 06/27/2025) |
| 06/27/2025 | 149 | Memorandum in opposition to re 145 MOTION for Relief from Judgment filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Goldblatt, Hannah) (Entered: 06/27/2025) |
| 07/02/2025 | 150 | Unopposed MOTION for Extension of Time to File Response/Reply as to 148 MOTION to Dissolve Interim Injunction re 145 MOTION for Relief from Judgment , 130 Memorandum & Opinion, 131 Order on Motion for Summary Judgment,,,,,,,,,,,, Set/Reset Deadlines,, *of Private Defendant–Intervenors* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Goldblatt, Hannah) (Entered: 07/02/2025) |
| 07/07/2025 | 151 | Unopposed MOTION for Extension of Time to File Response/Reply as to 145 MOTION for Relief from Judgment by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 07/07/2025) |
| 07/07/2025 | | MINUTE ORDER: GRANTING Plaintiff's 150 Unopposed Motion for Extension of Time to File Responsive Brief to Private Defendant–Intervenors' 148 Motion to Dissolve the Interim Injunction. Plaintiff's brief is due by July 18, 2025. Signed by Judge Tanya S. Chutkan on 7/7/2025. (lcer) (Entered: 07/07/2025) |

| 07/07/2025 | | MINUTE ORDER: GRANTING Defendants' 151 Unopposed Motion for Extension of Time. Defendants' Reply Memorandum in Support of Defendants' 145 Motion to Dissolve Injunction is due by July 14, 2025. Signed by Judge Tanya S. Chutkan on 7/7/2025. (lcer) (Entered: 07/07/2025) |
|---|---|---|
| 07/14/2025 | 152 | REPLY to opposition to motion re 145 Motion for Relief from Judgment filed by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (Robertson, Michael) (Entered: 07/14/2025) |
| 07/18/2025 | 153 | Memorandum in opposition to re 148 MOTION to Dissolve Interim Injunction re 145 MOTION for Relief from Judgment , 130 Memorandum & Opinion, 131 Order on Motion for Summary Judgment,,,,,,,,,,,, Set/Reset Deadlines,, *of Private Defendant−Intervenors* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Goldblatt, Hannah) (Entered: 07/18/2025) |
| 07/25/2025 | 154 | REPLY to opposition to motion re 148 Motion for Miscellaneous Relief,, filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 07/25/2025) |
| 11/05/2025 | 155 | MOTION for Leave to File *Second Amended and Supplemental Complaint* by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Proposed Second Amended and Supplemental Complaint, # 2 Text of Proposed Order)(Stellberg, Sarah) (Entered: 11/05/2025) |
| 11/05/2025 | 156 | WITHDRAWN PURSUANT TO NOTICE FILED 11/13/2025.....MOTION Relief from Standing Order No. 25−55 by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) Modified on 11/14/2025 (zjm). (Entered: 11/05/2025) |
| 11/07/2025 | 157 | MOTION for Extension of Time to File Response/Reply as to 155 MOTION for Leave to File *Second Amended and Supplemental Complaint* by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Text of Proposed Order)(Leggette, L.) (Entered: 11/07/2025) |
| 11/13/2025 | 158 | NOTICE OF WITHDRAWAL OF MOTION by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT re 156 MOTION Relief from Standing Order No. 25−55 (Goldblatt, Hannah) (Entered: 11/13/2025) |
| 11/13/2025 | 159 | RESPONSE re 157 MOTION for Extension of Time to File Response/Reply as to 155 MOTION for Leave to File *Second Amended and Supplemental Complaint* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Goldblatt, Hannah) (Entered: 11/13/2025) |
| 11/13/2025 | | MINUTE ORDER: Intervenors' 157 Motion for Extension of Time is GRANTED. Intervenors shall file a Response to Plaintiffs' 155 Motion for Leave to File Second Amended and Supplemental Complaint by 12/8/2025. Plaintiff shall file their Reply by 12/19/2025. Signed by Tanya S. Chutkan on 11/13/2025. (lchs) (Entered: 11/13/2025) |
| 11/18/2025 | 160 | NOTICE of Appearance by Ethan David Paddison on behalf of STATE OF WYOMING (Paddison, Ethan) (Main Document 160 replaced on 11/19/2025) (znmw). (Entered: 11/18/2025) |

| 12/08/2025 | 161 | RESPONSE re 155 MOTION for Leave to File *Second Amended and Supplemental Complaint* filed by STATE OF WYOMING. (Attachments: # 1 Exhibit Images of APDs, # 2 Exhibit APD Land Descriptions, # 3 Text of Proposed Order)(Leininger, Shannon) (Entered: 12/08/2025) |
| --- | --- | --- |
| 12/08/2025 | 162 | Memorandum in opposition to re 155 MOTION for Leave to File *Second Amended and Supplemental Complaint* filed by U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF INTERIOR. (Attachments: # 1 Text of Proposed Order)(Robertson, Michael) (Entered: 12/08/2025) |
| 12/08/2025 | 163 | RESPONSE re 155 MOTION for Leave to File *Second Amended and Supplemental Complaint* filed by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Leggette, L.) (Entered: 12/08/2025) |
| 12/19/2025 | 164 | REPLY to opposition to motion re 155 Motion for Leave to File, filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Stellberg, Sarah) (Entered: 12/19/2025) |
| 02/27/2026 | 165 | MEMORANDUM OPINION re: Plaintiffs' 116 Motion for Summary Judgment, Defendants' 145 Motion to Dissolve the Injunction, Intervenors' 148 Motion to Dissolve the Injunction, Wyoming's 147 Motion for Joinder, and Plaintiffs' 155 Motion for Leave to File a Second Amended Complaint. Signed by Judge Tanya S. Chutkan on 2/27/2026. (lchs) (Entered: 02/27/2026) |
| 02/27/2026 | 166 | ORDER: Plaintiffs' 116 Motion for Summary Judgment is GRANTED. Defendants' 145 Motion to Dissolve the Injunction, Intervenors' 148 Motion to Dissolve the Injunction, and Wyoming's 147 Motion for Joinder are DENIED as moot. Plaintiffs' 155 Motion for Leave to File a Second Amended Complaint is DENIED. The Clerk of the Court shall close this case. Signed by Judge Tanya S. Chutkan on 2/27/2026. (lchs) (Entered: 02/27/2026) |
| 03/25/2026 | 167 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 165 Memorandum & Opinion, 166 Order,, Terminate Motions, by STATE OF WYOMING. Filing fee $ 605, receipt number ADCDC–12319521. Fee Status: Fee Paid. (Leininger, Shannon) (Entered: 03/25/2026) |
| 03/25/2026 | 168 | MOTION to Stay *Pending Appeal* by STATE OF WYOMING. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Text of Proposed Order)(Leininger, Shannon) (Entered: 03/25/2026) |
| 03/25/2026 | 169 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 167 Notice of Appeal to DC Circuit Court. (zjm) (Entered: 03/25/2026) |
| 03/26/2026 | | USCA Case Number 26–5093 for 167 Notice of Appeal to DC Circuit Court filed by STATE OF WYOMING. (zjm) (Entered: 03/26/2026) |
| 03/27/2026 | 170 | MOTION to Stay *Pending Appeal* by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. (Attachments: # 1 Declaration of Rebecca Byram, # 2 Declaration of Rich Saint)(Leggette, L.) (Entered: 03/27/2026) |
| 04/08/2026 | 171 | Memorandum in opposition to re 168 MOTION to Stay *Pending Appeal*, 170 MOTION to Stay *Pending Appeal* filed by POWDER RIVER BASIN RESOURCE COUNCIL, WESTERN WATERSHEDS PROJECT. (Attachments: # 1 Text of Proposed Order)(Stellberg, Sarah) (Entered: 04/08/2026) |

| 04/09/2026 | 172 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 165 Memorandum & Opinion, 166 Order,, Terminate Motions, by CONTINENTAL RESOURCES, INC., DEVON ENERGY PRODUCTION COMPANY, L.P.. Filing fee $ 605, receipt number CDCDC–12352054. Fee Status: Fee Paid. (Leggette, L.) (Entered: 04/09/2026) |
| --- | --- | --- |
| 04/10/2026 | 173 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 172 Notice of Appeal to DC Circuit Court,. (zjm) (Entered: 04/10/2026) |
| 04/10/2026 | 174 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 165 Memorandum & Opinion, 166 Order,, Terminate Motions, by PETROLEUM ASSOCIATION OF WYOMING. Filing fee $ 605, receipt number ADCDC–12354494. Fee Status: Fee Paid. (Schroder, Kathleen) (Entered: 04/10/2026) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| POWDER RIVER BASIN RESOURCE COUNCIL and WESTERN WATERSHEDS PROJECT,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR and U.S. BUREAU OF LAND MANAGEMENT,<br><br>    Defendants,<br><br>and<br><br>STATE OF WYOMING, et al.,<br><br>    Defendant-Intervenors. | Case No. 1:22-cv-2696-TSC |

**NOTICE OF APPEAL**

Defendant-Intervenor Petroleum Association of Wyoming appeals to the United States

Court of Appeals for the District of Columbia from the final judgment of the U.S. District Court

for the District of Columbia entered February 27, 2026 (ECF Nos. 165 and 166) and all the

interlocutory orders that have merged into the final judgment.

Respectfully submitted this 10th day of April, 2026.

/s/ __Kathleen C. Schroder_____
Mark Champoux
Kathleen C. Schroder
DAVIS GRAHAM & STUBBS LLP
3400 Walnut Street, Suite 700
Denver, Colorado 80205
Telephone: 303-892-9400
mark.champoux@davisgraham.com
katie.schroder@davisgraham.com

*Attorneys for Defendant-Intervenor- Petroleum*
*Association of Wyoming*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2026, I electronically filed the foregoing with the Clerk of the Court via CM/ECF, which will send notification of such filing to all counsel of record.

/s/  Kathleen C. Schroder
Kathleen C. Schroder

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **POWDER RIVER BASIN RESOURCE COUNCIL,** *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>**U.S. DEPT. OF THE INTERIOR,** *et al.*,<br><br>    Defendants. | Case No. 22-cv-2696 (TSC) |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, ECF No. 165, Plaintiffs' Motion for Summary Judgment, ECF No. 116, is GRANTED. The 2020 Converse County EIS and ROD and the related Casper RMP amendment are vacated and remanded to the agency for further consideration consistent with the Memorandum Opinion. Defendants' Motion to Dissolve the Injunction, ECF No. 145, Intervenors' Motion to Dissolve the Injunction, ECF No. 148, and Wyoming's Motion for Joinder, ECF No. 147, are DENIED as moot. Plaintiffs' Motion for Leave to File a Second Amended Complaint, ECF No. 155, is DENIED. The Clerk of the Court shall close this case.

Date: February 27, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

Page **1** of **1**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **POWDER RIVER BASIN RESOURCE COUNCIL,** *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>**U.S. DEPT. OF THE INTERIOR,** *et al.*,<br><br>        Defendants. | Case No. 22-cv-2696 (TSC) |

**MEMORANDUM OPINION**

Plaintiffs Powder River Basin Resource Council and Western Watersheds Project, two environmental advocacy groups, challenge the U.S. Department of the Interior and the U.S. Bureau of Land Management's ("BLM") approval of the Converse County Oil and Gas Project ("Project"), alleging violations of the National Environmental Policy Act ("NEPA"), the Administrative Procedure Act ("APA"), the Federal Land Policy and Management Act ("FLPMA"), and the Mineral Leasing Act ("MLA"). Wyoming intervened, along with private energy companies Continental Resources, Inc., Devon Energy Production Company, L.P., Anschutz Exploration Corporation, and Petroleum Association of Wyoming ("Intervenors"). The court previously denied Plaintiffs' motion for a preliminary injunction, ECF No. 64, granted in part and denied in part Intervenors' motion to dismiss, ECF No. 67, and denied Intervenors' Motion to Transfer, ECF No. 68. *See* ECF Nos. 105–08. The court also granted in part and denied in part Plaintiffs' motion for summary judgment, ECF No. 116, and denied cross motions for summary judgment filed by Defendants, Intervenors, and Wyoming, ECF Nos. 118, 121, 123. *See*

Page **1** of **21**

ECF No. 130.  Before the court are Plaintiffs' remaining claims on summary judgment, as well as Defendants' Motion to Dissolve the Injunction, ECF No. 145, Intervenors' Motion to Dissolve the Interim Injunction, ECF No. 148, and Plaintiffs' Motion for Leave to File a Second Amended Complaint, ECF No. 155.

For the reasons below, the court will GRANT Plaintiffs' motion for summary judgment, DENY as moot Defendants' and Intervenors' motions to dissolve the injunction, and DENY Plaintiffs' motion for leave to file a Second Amended Complaint.

## I.    BACKGROUND

In 2013, energy companies ("Operator Group") submitted a proposed development plan to drill thousands of oil and gas wells in Converse County, Wyoming and amend the 2007 Casper Resource Management Plan ("RMP").  BLM published a draft, supplemental, and final Environmental Impact Statement ("EIS") analyzing the Project's anticipated environmental effects.  *See* AR 1183, 1190–93, 1277–78, 1292, 3143–234, 8413–94, 12362–13469.  According to the final EIS, 10 percent of the Project area consists of federal surface overlaying federal minerals and 54 percent consists of non-federal surface overlaying federal minerals.  *See* AR 46, 12426.  As part of its NEPA analysis, the EIS examined three alternatives: Alternative A, a no-action alternative, in which no new drilling would be authorized; Alternative B, the Operator Group's proposed alternative, which would authorize 5,000 new wells on 1,500 new well pads over ten years; and Alternative C, a modified alternative, which would authorize the same number of wells, but would also require some additional mitigation measures such as water recycling and clustering of wells to reduce surface disturbance.  *See* AR 1190–93.  In December 2020, the Secretary of the Interior issued a Record of Decision ("ROD") selecting Alternative B and approving an amendment to the Casper RMP.  AR 16735–38.  BLM then began issuing

Applications for Permit to Drill ("APDs") pursuant to the ROD.  *See* Defs' Opp'n to Pls' Mot. for Prelim. Inj., Ex. 1 ¶ 4, ECF No. 83-1.

In September 2022, Plaintiffs filed this action challenging the Project approval.  *See* Compl., ECF No. 1.  They claim that Defendants violated NEPA, the APA, the FLPMA, and the MLA in approving the Project and issuing hundreds of APDs without taking a "hard look" at various environmental impacts like impacts to groundwater and greenhouse gas emissions, justifying elimination of alternatives from further analysis, mitigating air emissions, and preventing unnecessary or undue degradation of the public lands.  1st Am. Compl. ¶¶ 1, 112, 121–58, ECF No. 44.

In March 2023, Plaintiffs moved for a preliminary injunction, seeking to enjoin the Project and any further APDs pending the court's decision on the merits, ECF No. 64, and Intervenors moved to dismiss, arguing in relevant part that Plaintiffs lacked standing to challenge the APDs, ECF No. 67.  The court denied the motion for a preliminary injunction, holding that Plaintiffs failed to demonstrate a likelihood of success on the merits or a likelihood of irreparable harm.  *See* Mem. Op. at 18–30, ECF No. 105.  The court also granted in part and denied in part Intervenors' motion to dismiss, finding Plaintiffs lacked standing to challenge the APDs.  *See id.* at 12.  In January 2024, Plaintiffs moved for summary judgment, ECF No. 116, and Defendants, Intervenors, and Wyoming all separately cross moved, ECF Nos. 118, 121, 123.  In September 2024, the court entered partial summary judgment in Plaintiffs' favor, holding that BLM's use of an erroneous specific storage value to model groundwater drawdown was arbitrary and capricious. *See* Mem. Op. at 15–16, ECF No. 130.  The court did not reach Plaintiffs' remaining claims, and instead requested supplemental remedies briefing and temporarily enjoined further permit approvals based on the deficient EIS.  *Id.* at 16–17.

In April 2025, BLM published a White Paper finding no significant changes to groundwater drawdown even accounting for a wider range of specific storage values. *See* Defs.' Mot. to Dissolve Inj. at 2–3, ECF No. 145. In June 2025, based on the White Paper, BLM published a supplemental Environmental Assessment ("EA") of groundwater impacts, and a corresponding Finding of No New Significant Impact ("FONNSI") and Decision Record ("DR") affirming the Converse County ROD. *See id.* at 3–4.

In August 2025, relying on the White Paper, BLM issued an EA, Finding of No Significant Impact ("FONSI"), and DR for the development of 212 horizontal oil and gas wells drilled on non-federal surface land. *See* Defs.' Opp. to Pls.' Mot. for 2d Am. Compl. at 4–5, ECF No. 162. The following month, BLM issued another EA, FONSI, and DR associated with 58 APDs on fee or federally owned surface land. *See id.* at 5. These two EAs provided the basis for BLM's approval of another 60 APDs through 20 Categorical Exclusions that allowed BLM to circumvent further site-specific NEPA analysis. *See* Pls.' Mot. for 2d Am. Compl. at 9, ECF No. 155. Plaintiffs seek to file a Second Amended Complaint challenging BLM decisions that (a) reaffirm the 2020 EIS and ROD based on the June 2025 Supplemental EA, FONNSI, and DR; and (b) authorize 255 new APDs under the two EAs and 20 Categorical Exclusions issued since August 2025. *See id.* at 10.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56(a), which typically supplies the legal standard on summary judgment, does not apply to motions for summary judgment in APA cases "because of the court's limited role in reviewing the administrative record." *Coe v. McHugh*, 968 F. Supp. 2d 237, 239 (D.D.C. 2013). Instead, the court must decide, as a matter of law, "whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review." *Id.* at 240. Under this standard, the court is "highly deferential" to agency action, *Env't Def. Fund, Inc. v. Costle*, 657 F.2d 275, 283 (D.C. Cir. 1981), setting it aside only if the

action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2).

"To satisfy the APA's 'arbitrary and capricious' standard, an agency must 'articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *Owner-Operator Indep. Drivers Ass'n v. Fed. Motor Carrier Safety Admin.*, 494 F.3d 188, 203 (D.C. Cir. 2007) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). That means the agency must "explain the assumptions and methodology used in preparing" any models, *id.* at 204 (quoting *U.S. Air Tour Ass'n v. FAA,* 298 F.3d 997, 1008 (D.C. Cir. 2002)), and "provide a full analytical defense" of any challenged aspects, *Eagle–Picher Indus., Inc. v. EPA,* 759 F.2d 905, 921 (D.C. Cir. 1985). In doing so, the court may not "supply a reasoned basis for the agency's action that the agency itself has not given." *State Farm*, 463 U.S. at 43. The plaintiff bears the burden of establishing that the agency's action is invalid. *Fulbright v. McHugh*, 67 F. Supp. 3d 81, 89 (D.D.C. 2014).

The APA standard of review applies to NEPA claims, as NEPA does not provide an independent private right of action. *See Theodore Roosevelt Conservation P'ship v. Salazar*, 661 F.3d 66, 72 (D.C. Cir. 2011). As part of its "broad national commitment to protecting and promoting environmental quality," *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 348 (1989), NEPA requires agencies to prepare an EIS for all "major Federal actions significantly affecting the quality of the human environment," 42 U.S.C. § 4332(2)(C); *see id.* § 4336(b)(1). First, the agency must determine whether its proposed action is the type for which a full EIS is normally required, or whether it falls within a Categorical Exclusion, a category of actions that "normally does not significantly affect the quality of the human environment within the meaning of [NEPA]." 42 U.S.C. § 4336e(1). "If the proposed action falls into neither category, NEPA

directs the agency to prepare an EA that provides 'sufficient evidence and analysis for determining whether to prepare an environmental impact statement or a finding of no significant impact.'" *In re Polar Bear Endangered Species Act Listing & 4(d) Rule Litig.*, 818 F. Supp. 2d 214, 238 (D.D.C. 2011) (citation omitted); *see* 42 U.S.C. § 4336(b)(2).  If, based on the EA, the agency concludes that the action will not have a significant environmental effect, it may issue a FONSI in lieu of preparing an EIS.  *See Sierra Club v. FERC*, 827 F.3d 59, 63 (D.C. Cir. 2016).

### III.    ANALYSIS

#### A.      Summary Judgment Motions

As discussed above, the court's previous Memorandum Opinion addressing Plaintiffs' motion for summary judgment and Defendants' and Intervenors' cross motions for summary judgment held that Defendants' choice of specific storage value was arbitrary and capricious, but ordered supplemental briefing addressing the appropriate remedy.  In doing so, the court left unadjudicated Plaintiffs' remaining summary judgment claims.  Having considered the parties' remedies briefing, ECF Nos. 135, 137, 138, 139, 142, as well as Plaintiffs' remaining summary judgment claims, the court finds that vacatur is appropriate based on another NEPA deficiency: Defendants' failure to adequately conduct an analysis of reasonable alternatives.

##### 1.      *Mootness*

As a preliminary matter, Defendants argue that because they have remedied the only error the court identified in the Converse County EIS and ROD, Plaintiffs' remaining claims are moot and any further order on remedy is unwarranted.  *See* Defs.' Mot. to Dissolve Inj. at 7.  Defendants put the cart before the horse.  In focusing on the specific storage value as grounds for determining that the Project approval was deficient, the court did not implicitly hold that Plaintiffs' remaining grounds were meritless.  And contrary to Defendants' representation, the June 2025 DR does not "supersede[]" the 2020 ROD.  Defs.' Opp. to Pls.' Mot. for 2d Am. Compl. at 8.  The 2025

supplemental EA makes clear on its face that it does not displace the 2020 EIS: the EA is expressly "limited to the analysis of potential groundwater drawdown impacts" and serves only to "provide additional NEPA analysis using revised specific storage values."  U.S. Dep't of the Interior, Bureau of Land Mgmt., *CCOGP Environmental Assessment* 2 (June 6, 2025).  The June 2025 DR likewise "incorporates by reference" the 2020 EIS.  U.S. Dep't of the Interior, Bureau of Land Mgmt., *CCOGP Decision Record* 1 (June 6, 2025).

Moreover, even assuming the June 2025 DR legally displaces the ROD, it would not moot Plaintiffs' claims, as BLM has not corrected the allegedly deficient analysis.  Intervening events moot a claim if "the [challenged] decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."  *Am. Freedom Def. Initiative v. Wash. Metro. Area Transit Auth.*, 901 F.3d 356, 361 (D.C. Cir. 2018) (quoting *Initiative & Referendum Inst. v. USPS*, 685 F.3d 1066, 1074 (D.C. Cir. 2012)).  In the case of superseding agency action, the court must ensure that "(1) there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely or irrevocably eradicated the effects of the alleged violation."  *Id.* at 362 (quoting *Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997)).  As noted above, the DR "affirm[ed]" the ROD, "incorporat[ing] by reference" the 2020 EIS.  U.S. Dep't of the Interior, Bureau of Land Mgmt., *CCOGP Decision Record* (June 6, 2025).  In other words, even assuming the 2025 documents somehow "replaced" the 2020 documents, it is not "correct to say [BLM] has ceased the challenged conduct; instead, [it] has renewed the challenged conduct in a new form."  *Am. Freedom Def. Initiative*, 901 F.3d at 362.  "In these circumstances, the [new actions] preserve, rather than moot, the original controversy . . . ."  *Pickus v. U.S. Bd. of Parole*, 507 F.2d 1107, 1111 (D.C. Cir. 1974); *see Organic Trade Ass'n v. U.S. Dep't of Agric.*, 370 F. Supp. 3d 98, 111

(D.D.C. 2019) ("Agencies can moot claims against them by promulgating new rules that cure previous procedural defects . . . .").

### 2. NEPA Alternatives Analysis

"The heart of an EIS is its analysis of a reasonable range of alternatives to the agency's proposed action." *Oceana, Inc. v. Evans*, 384 F. Supp. 2d 203, 240 (D.D.C. 2005). An alternative is "reasonable," and should be considered if it is "technically and economically practical or feasible" and "meet[s] the purpose and need of the proposed action." 43 C.F.R. § 46.420(b). The court evaluates "both an agency's definition of its objectives and its selection of alternatives under the 'rule of reason.'" *Theodore Roosevelt*, 661 F.3d at 73 (quoting *Citizens Against Burlington, Inc. v. Busey*, 938 F.2d 190, 195–96 (D.C. Cir. 1991)). If an agency's objectives are not "unreasonably narrow," the court "will uphold the agency's selection of alternatives that are reasonable in light of those objectives." *Id.* But "for alternatives [that the agency] eliminated from detailed study," the agency must "briefly discuss the reasons for their . . . eliminat[ion]." *Stand Up for California! v. U.S. Dep't of the Interior*, 919 F. Supp. 2d 51, 77 (D.D.C. 2013) (citation omitted).

### a. Paced Development Alternative

BLM "eliminated from further detailed analysis" an alternative limiting the total number of wells developed annually because "its implementation is remote or speculative, and it is inconsistent with the basic policy objectives for the management of the area." AR 12492. BLM reasoned that implementation was speculative because "[a] reduction in the number of wells drilled in a year may not reduce surface disturbance (i.e., the number of pads may not be reduced)" and any limit on the number of wells "could not be imposed on approximately one-third of the CCPA." *Id.* Similarly, BLM "eliminated from further analysis" an alternative

Page **8** of **21**

limiting the number of wells per operator because it "would not be consistent with the purpose of

the agency action," "would not address a known resource conflict in the CCPA," "could not be

imposed on approximately one-third of the CCPA," and because the agency lacks "the authority

to infringe upon existing lease rights by imposing limits on the pace of development or selecting

which operator(s) are allowed to drill." *Id.*

The court addresses each rationale in turn. Contrary to BLM's representation, a slower

pace of development is not inconsistent with the agency's stated purpose and need for agency

action. The EIS states the relevant purpose and need as follows:

> The need for [BLM] action is to respond to this proposal while allowing the OG to
> exercise its valid lease rights under pertinent laws, rules, and regulations. The Federal
> Land Policy and Management Act of 1976 (Public Law 94 579, 43 United States Code
> 1701 et seq.) recognizes oil and gas development as one of the "principal" uses of public
> lands. Federal mineral leasing laws (Mineral Leasing Act of 1920, 30 USC 188 et seq.)
> and regulations recognize the statutory right of lease holders to develop federal mineral
> resources to meet continuing national needs and economic demands. The purpose of this
> EIS is to evaluate potential impacts resulting from implementing future plans and
> applications related to this proposal; to facilitate the decision-making process to approve,
> approve with modifications, or disapprove the proposed project or project components
> based on an evaluation of the expected impacts; and to the extent possible, minimize or
> avoid environmental impacts.

AR 12370.

BLM does not attempt to defend its contention that phased development is inconsistent with

these stated objectives. Nor could it, because such a rationale fails to pass muster even under a

deferential review for reasonableness. Contrary to Intervenors' representation, BLM's stated

purpose is not to "*enact* or *adopt* the Operators' proposal," but rather "to decide *whether* to adopt

the proposal at all, and if so, to what degree." *Theodore Roosevelt*, 661 F.3d at 73. "This

objective permits a reasonable range of alternatives that either reject the proposal or adopt it to

varying degrees or with alterations." *Id*. And while Intervenors stress that a reduced rate of

development runs contrary to the "main" purpose and need for agency action, which they assert

is to promote the exercise of lease rights and development of federal mineral resources, Intervenors' Cross Mot. Summ. J. at 23–24, ECF No. 121, the statement of purpose expressly contemplates that BLM should "minimize or avoid environmental impacts" when "possible" based on its "evaluation of [] expected impacts," AR 12370. It is also "past doubt" that the FLPMA "does not require BLM to prioritize [oil and gas] development over other [land] uses," which include "conservation to protect environmental values." *New Mexico ex rel. Richardson v. BLM*, 565 F.3d 683, 710 (10th Cir. 2009). Similarly, the MLA requires BLM to include in each lease provisions to ensure "the safeguarding of the public welfare" and regulate "surface-disturbing activities . . . in the interest of conservation of surface resources." 30 U.S.C. §§ 187, 226(g); *see Copper Valley Mach. Works, Inc. v. Andrus*, 653 F.2d 595, 601 (D.C. Cir. 1981) ("[S]uspending operations to avoid environmental harm is definitely a suspension in the interest of conservation in the ordinary sense of the word."); *Nat. Res. Def. Council, Inc. v. Berklund*, 458 F. Supp. 925, 936 n.17 (D.D.C. 1978) (interpreting "safeguarding of [] public welfare" to provide "broad authority to set lease terms to prevent environmental harm"). Because, as BLM recognized, "a reduction in the number of wells drilled in a year may result in a reduction in air emissions and a potential reduction in air quality impacts," it is consistent with its statement of need and purpose to examine that alternative. AR 12492.

BLM also eliminated this alternative on the basis that it lacks "authority to infringe upon existing lease rights." *Id.* Again, Intervenors alone defend this rationale, which is irreconcilable with statutory authority. Under the MLA, the Secretary of the Interior "has discretion to determine where, when, and under what terms and conditions oil and gas development should occur." *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 52 (D.D.C. 2019) (citing 30 U.S.C. § 226); *cf.* 43 U.S.C. § 1732(b) (requiring BLM to "take any action necessary to prevent

unnecessary or undue degradation of the lands"). "Accordingly, the federal government may impose a broad range of stipulations on oil and gas leases for federal land, including concerning the timing, pace, and scale of development." *Zinke*, 368 F. Supp. 3d at 52.

BLM also stated that a paced development alternative "would not address a known resource conflict," AR 12492, presumably in reference to NEPA's requirement that agencies "study, develop, and describe appropriate alternatives to recommended courses of action in any proposal which involves unresolved conflicts concerning alternative uses of available resources," 42 U.S.C. § 4332(H). Again, Intervenors alone defend this rationale, arguing that BLM need only consider conflicts between oil and gas development and "recovery of other *mineral* resources," not air quality. Intervenors' Cross Mot. Summ. J. at 25 (emphasis added) (quoting 43 C.F.R. § 3162.1(a) (setting forth general operating requirements for oil and gas lessees and operators on public lands)). But nowhere does § 4332(H) exempt BLM from examining alternatives that mitigate general environmental harms. It is beyond doubt that NEPA requires consideration of reasonable alternatives to a contemplated action that minimize or reduce the environmental effects of its decision. *See Citizens Action Coal. of Ind., Inc. v. FERC*, 125 F.4th 229, 235 (D.C. Cir. 2025).

BLM further reasoned that the fact that it could limit the pace of development in only about two-thirds of the Project area rendered a phased development alternative overly "remote or speculative." AR 12492. Taken at face value, this rationale does not withstand scrutiny: it is not obvious to the court why a slower rate of development in well over half of the Project area renders implementation "speculative." In its briefing, BLM explains that because the areas it controls are interspersed with areas under state and private control, state and private actors could offset any reduction in the pace of development in federally controlled areas. Defs.' Cross Mot.

Summ. J. at 37. But this explanation was absent from the EIS, and neither the court nor BLM may "fill in critical gaps in the [agency]'s reasoning" at this stage. *Point Park Univ. v. NLRB*, 457 F.3d 42, 50 (D.C. Cir. 2006). The court "look[s] only to what the agency said at the time of the rulemaking—not to its lawyers' post-hoc rationalizations." *Am. Fed'n of Lab. & Cong. of Indus. Orgs. v. NLRB*, 57 F.4th 1023, 1049 (D.C. Cir. 2023) (quoting *Good Fortune Shipping SA v. Comm'r*, 897 F.3d 256, 263 (D.C. Cir. 2018)).

Finally, BLM reasoned that it need not further investigate a paced development alternative because Alternative C "already considered reduced effects by limiting the number of well pads." AR 16758; *see* Defs.' Reply Supp. Cross Mot. Summ. J. at 15 n.11, ECF No. 125. But the record suggests otherwise. BLM's own "analysis does not suggest that the impacts would be identical"—or even comparable to—commenters' proposed phased-development alternatives. *Union Neighbors United, Inc. v. Jewell*, 831 F.3d 564, 577 (D.C. Cir. 2016). While Alternative C contemplated fewer well pads than Alternative B, AR 12374, "development under Alternative C would occur at the same rate as Alternative B, and the overall level of production would remain the same," AR 12961. BLM estimated that Alternative C would therefore "vary only slightly from Alternative B" in terms of air quality impacts. AR 12377; *see* AR 4180 (noting that Alternative C is "basically indistinguishable from the preferred action when it comes to air emissions and resulting air quality impacts because it assumes the same degree of oil and gas development in the same area" and that Alternative C might even "result in greater emissions compared to Alternative B"); AR 6331 ("Alternative C does not reduce the impacts from the Project, especially for air, land, and wildlife resources.").

b.  *Greenhouse Gas Mitigation Alternative*

BLM noted that commenters had proposed three distinct layers of greenhouse gas control: an outcome-based carbon-neutral operations requirement, a categorical prohibition on venting and flaring, and source-level direct mitigation measures designed to reduce methane emissions across drilling, completion, and production activities.  AR 12491.  In eliminating an alternative involving greater greenhouse gas mitigation, BLM stated that "it is not technically feasible to conduct full carbon-neutral processes" and that "venting and flaring are conducted for safety reasons and cannot be fully avoided."  AR 12492.

In focusing only on the feasibility of carbon-neutral operations and total elimination of venting and flaring, BLM omitted any consideration of the feasibility of *reducing* greenhouse gas emissions.  Commenters had suggested adopting measures such as more efficient flaring practices, high-efficiency compressor technologies and practices, and more advanced leak detection and repair protocols to reduce greenhouse gas emissions.  *See, e.g.*, AR 4181, 4207, 4208, 4438, 4449.  BLM's EIS Scoping Report acknowledged comments requesting alternatives "designed to *reduce or eliminate* greenhouse gas emissions."  AR 400 (emphasis added).  The EIS's all-or-nothing approach conflicts with the agency's obligation under NEPA to "provide legitimate consideration to alternatives that fall between the obvious extremes."  *High Country Conservation Advocs. v. U.S. Forest Serv.*, 951 F.3d 1217, 1224 (10th Cir. 2020) (quoting *Colo. Env't Coal. v. Dombeck*, 185 F.3d 1162, 1175 (10th Cir. 1999)); *see Nat. Res. Def. Council, Inc. v. Morton,* 458 F.2d 827, 836 (D.C. Cir. 1972) (holding that an agency should not "disregard alternatives merely because they do not offer a complete solution to the problem").

BLM responds that certain measures to reduce greenhouse gas emissions *were* included in Alternative B, and that further measures were not feasible.  *See* Defs.' Cross Mot. Summ. J. at

Page **13** of **21**

39.  But while Alternative B includes a set of air-quality mitigation measures, those measures are primarily aimed at criteria pollutants—particularly nitrogen oxides—rather than greenhouse gases such as methane and carbon dioxide.  *See* AR 13366, 13370–71.  The EIS makes clear that measures to reduce criteria pollutants and improve compliance with ozone-related air quality standards have only secondary or incidental benefits with respect to greenhouse gas reduction.  *See, e.g.*, AR 12248, 13295–96 (outlining measures primarily aimed at volatile organic compounds, particulate matter, and nitrogen oxides).  Although BLM correctly observed that "[m]any control strategies and mitigation measures that reduce criteria pollutants and hazardous pollutants also reduce greenhouse gas emissions," AR 12248, incidental climate benefits from criteria-pollutant controls are analytically distinct from direct mitigation of greenhouse gas emissions, particularly methane, the dominant climate pollutant from oil and gas development.

By contrast, Plaintiffs' proposed greenhouse gas reduction alternative would have imposed mandatory, performance-based measures specifically designed to reduce methane and carbon dioxide emissions, including limits on venting and flaring as well as direct methane-control technologies.  *See* AR 400–01, 4181, 4864–65.  Allowing incidental mitigation measures embedded in the preferred alternative to serve as a substitute for consideration of direct greenhouse-gas control measures would undermine NEPA's core function of ensuring "the agency's presentation of 'the environmental impacts of the proposal and the alternatives in comparative form, thus sharply defining the issues and providing a clear basis for choice among options by the decisionmaker and the public.'"  *City of Grapevine v. Dep't of Transp.*, 17 F.3d 1502, 1506 (D.C. Cir. 1994) (citation omitted).  The agency's determination that there may be incidental spillover effects from controls aimed at other pollutants cannot satisfy its duty to

"[r]igorously explore and objectively evaluate" targeted greenhouse gas reduction measures as a standalone alternative. *Oceana*, 384 F. Supp. 2d at 240 (citation omitted).

Applying the rule of reason, the court concludes that in eliminating reduced rate of development and greenhouse gas reduction alternatives without further analysis, BLM violated its obligation to rigorously evaluate a reasonable range of alternatives to its proposed action. *See* 42 U.S.C. § 4332(2)(C).

### B.    Remedy

Having determined that the Converse County Project approval violated NEPA, the court must decide whether to vacate the EIS and ROD or remand without vacatur. The APA requires a reviewing court to "hold unlawful and set aside" agency action it determines to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Accordingly, the "ordinary practice . . . is to vacate unlawful agency action, and district courts in this circuit routinely vacate agency actions taken in violation of NEPA." *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 985 F.3d 1032, 1050 (D.C. Cir. 2021) (citation omitted).

"Although vacatur is the typical remedy for an APA violation, it is not inevitable." *Gulf Restoration Network v. Haaland*, 47 F.4th 795, 804 (D.C. Cir. 2022). In limited circumstances, courts may decline to vacate an agency's action if equity so requires. *Id.* at 804–05. The choice depends on two factors: the "seriousness of the order's deficiencies (and thus the extent of doubt whether the agency chose correctly) and the disruptive consequences of an interim change." *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993). "Put otherwise, this Court must determine whether there is 'at least a serious possibility that the [agency] will be able to substantiate its decision on remand,' and whether vacatur will lead to

Page **15** of **21**

impermissibly disruptive consequences in the interim." *Zinke*, 368 F. Supp. 3d at 84 (quoting

*Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 282 F. Supp. 3d 91, 97 (D.D.C. 2017)).

Both factors militate in favor of vacating the Project approval before remanding it to the

agency.  The errors here were the type that prompts "substantial doubt" that the agency chose

correctly.  *Standing Rock Sioux Tribe*, 985 F.3d at 1052.  With an informed look at the

alternatives involving a slower pace of development and greenhouse gas reduction measures,

BLM could reasonably change course.  "[T]he Court cannot be sure that the agency will arrive at

the same conclusion after further consideration—let alone whether, on further judicial review,

this or a similar [agency action] will withstand challenge under the APA."  *Humane Soc'y of*

*U.S. v. Kempthorne*, 579 F. Supp. 2d 7, 21 (D.D.C. 2008).

Defendants and Intervenors also fail to carry their burden of showing "that vacatur would

be so disruptive as to justify a departure from [the] normal course."  *Cboe Futures Exch., LLC v.*

*SEC*, 77 F.4th 971, 982 (D.C. Cir. 2023).  Plaintiffs ask the court to vacate only the EIS and

ROD, not existing permitting decisions made in reliance on them.  *See* Pls.' Reply Supp. Mot.

Summ. J. at 72–73, ECF No. 124.  That modest relief would not enjoin development of existing

drilling permits or require BLM to unwind completed wells or infrastructure.  And as the

Government and Intervenors concede, "vacatur of the EIS and ROD will not prevent BLM from

approving new APDs or other authorizations" in the Converse County area that are independent

of the deficient EIS.  Intervenors' Remedy Br. at 13, ECF No. 138.  The only relevant disruption

is the cost to the Government of supplementing its NEPA analysis and any delays in issuing new

permits during that reconsideration.  While the Government and Intervenors project significant

economic consequences from such delay, these are ordinary consequences of NEPA compliance,

and not ones that establish sufficient prejudice to merit withholding vacatur.  *See Standing Rock*

*Sioux Tribe*, 985 F.3d at 1051 (explaining that economic harm "is not commonly a basis, standing alone, for declining to vacate agency action").  The court must also consider the environmental harm of keeping the deficient EIS in place.  The Project is already emitting and will continue to emit significant levels of greenhouse gases that will contribute to climate change and impart other significant environmental harm, impacting human health, sensitive natural resources, landscapes, and wildlife.  Vacatur is necessary to ensure that the Project proceeds with the benefit of a fully fleshed out consideration of the issues under NEPA.

###    C.    Second Amended Complaint

Plaintiffs now seek to file a Second Amended Complaint realleging their pending claims against the 2020 Converse County EIS, ROD, and RMP Amendment, and introducing new claims against several more recent NEPA documents and associated permit approvals.  Specifically, in Counts 1 to 3, Plaintiffs reallege their pending NEPA, APA, FLPMA, and MLA claims against the 2020 EIS.[1]  Proposed 2d Am. Compl. ¶¶ 380–99, ECF No. 155-1.  In Counts 11 to 13, Plaintiffs allege new claims against the 2025 Supplemental EA, FONNSI, and DR.  *Id.* ¶¶ 458–81.  In Counts 4 to 10, Plaintiffs seek to challenge the 22 new BLM decisions approving the 255 APDs for oil and gas wells in Converse County between August and October 2025, as well as the NEPA documents used to approve those APDs, including two new EAs and 20 Categorical Exclusions that rely on the 2025 White Paper's groundwater analysis.  *Id.* ¶¶ 400–57.

Under Federal Rule of Civil Procedure 15, an addition to a pleading may take one of two forms: it may be an "amendment" under Rule 15(a), or a "supplement" under Rule 15(d).  *Clean Water Action v. Pruitt*, 315 F. Supp. 3d 72, 79 (D.D.C. 2018).  An amendment "typically rest[s] on matters in place *prior to* the filing of the original pleading," while a supplement "sets forth

---

[1] Vacating the Converse County EIS and ROD moots Plaintiffs' unaddressed claims challenging those decisions.  Therefore, leave to amend would be futile as to Counts 1 to 3.

Page **17** of **21**

transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (quoting Fed. R. Civ. P. 15(d)). Rule 15(a) provides that unless permitted as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading" and "may order that the opposing party plead to the supplemental pleading." *Id.* 15(d).

Leave to amend or supplement "should be denied" when "the complaint, as amended, would radically alter the scope and nature of the case and bears no more than a tangential relationship to the original action." *Miss. Ass'n of Cooperatives v. Farmers Home Admin.,* 139 F.R.D. 542, 544 (D.D.C. 1991); *see also Nat'l Treasury Emps. Union v. Helfer,* 53 F.3d 1289, 1295 (D.C. Cir. 1995) ("[T]he district court did not abuse its discretion in denying the amendment, which bore 'only tangential relationship' to the original claim."). "Delay and prejudice are precisely the matters to be addressed in considering whether to grant motions for supplemental pleadings; such motions are to be 'freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting 6A Wright & Miller, *Federal Practice & Procedure* § 1504, at 186–87 (2d ed. 1990)).

While both the decision whether to allow amendment and supplementation are within the discretion of the district court, *see WildEarth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008), the plain text of Rule 15(d) suggests the district court has wider discretion to

deny supplementation than leave to amend, *compare* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires") *with id.* 15(d) ("[T]he court may, on just terms, permit a party to serve a supplemental pleading . . ."); *see Pruitt*, 315 F. Supp. 3d at 80 ("The plain text of Rule 15(d) . . . permits a court to grant leave to supplement, but imposes no standard requiring a court to do so.").  Plaintiffs acknowledge that whether they should be permitted to add BLM decisions post-dating the existing Complaint—(1) the June 2025 EA, FONNSI, and DR, and (2) the approval of 255 new APDs from August through October 2025 and their supporting NEPA documents—is appropriately analyzed under Rule 15(d) governing motions to supplement.  *See* Pls.' Mot. for 2d Am. Compl. at 12.

Plaintiffs' proposed new claims are "factually and legally distinct from the current claims." *Pruitt*, 315 F. Supp. 3d at 85.  Count 13, for example, alleges that BLM personnel lacked the requisite authority to issue the June 2025 DR, a claim wholly unrelated to Plaintiffs' original NEPA, MLA, and FLPMA claims against the 2020 ROD.  *See* Proposed 2d Am. Compl. ¶¶ 477–81.  While the 2025 EAs, Categorical Exclusions, and APDs are "superficially similar" to the 2020 EIS and ROD in that they all concern proposed drilling in Converse County and allegedly rely on the same flawed groundwater analysis, they are otherwise separate agency actions concerning a new set of projects.  *Pruitt*, 315 F. Supp. 3d at 85.  None of the post-August 2025 documents ties to the 2020 EIS or purport to implement or carry out the land-use planning decisions embodied in the ROD.  Each EA is accompanied by its own FONSI and DR, marking the consummation of BLM's decision-making process for those projects and conferring direct legal consequences.  The Categorical Exclusions were likewise issued through a distinct, more streamlined NEPA process that authorizes drilling without preparation of an EA or EIS.

Because the 2025 approvals rest on separate procedures, administrative records, and decision documents independently authorizing development, they constitute new, final agency actions subject to separate NEPA and APA review, rather than extensions of the 2020 EIS or ROD.  *See Pruitt*, 315 F. Supp. 3d at 85 (rejecting supplementation seeking to challenge "different type[s] of agency action" that were "promulgated based on a different administrative record, pursuant to different authority").  Adding these claims after years of dispositive motions that have narrowed the case would "radically alter the scope and nature of the case," *Wolf v. CIA*, 569 F. Supp. 2d 1, 11 (D.D.C. 2008), and force Defendants and Intervenors "to respond to ever-changing targets," *Howard v. Blank*, 891 F. Supp. 2d 95, 102 (D.D.C. 2012).

"Additionally, one of the 'most important factor[s]' to consider is 'the possibility of prejudice to the opposing party.'"  *Lawrence v. Lew*, 156 F. Supp. 3d 149, 174 (D.D.C. 2016) (quoting *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006)).  Plaintiffs will suffer comparatively minimal prejudice because they can readily file their claims in a separate action. Any inconvenience from not being able to assert new causes of action in this litigation is not "the type of inconvenience that implicates the principles of fairness and judicial economy that justify application of the standard that leave to file a supplemental pleading should 'be liberally granted.'"  *Cause of Action Inst. v. U.S. Dep't of Just.*, 282 F. Supp. 3d 66, 76 (D.D.C. 2017).  By contrast, to allow amendment now would protract this litigation and thus prejudice Defendants and Intervenors.  *See id*.  The parties have already completed multiple rounds of briefing on various dispositive motions, including the pending motion for summary judgment that predates Plaintiffs' request to supplement the complaint.  Allowing supplementation would necessitate yet another round of briefing based on a different administrative record before a final

ruling on Plaintiffs' fully briefed Converse County ROD claims could be obtained.  *See Pruitt*, 315 F. Supp. 3d at 84.

In sum, because Plaintiffs' proposed claims "would unduly delay and alter the scope of this litigation," denial of leave to supplement is appropriate.  *Id.* at 85.

## IV.    CONCLUSION

For the foregoing reasons, the court will GRANT Plaintiffs' Motion for Summary Judgment.  ECF No. 116.  Accordingly, the 2020 Converse County EIS and ROD will be vacated and remanded to the agency for further consideration consistent with this Memorandum Opinion.  The court will DENY as moot Defendants' Motion to Dissolve the Injunction, ECF No. 145, Intervenors' Motion to Dissolve the Injunction, ECF No. 148, and Wyoming's Motion for Joinder, ECF No. 147.  The court will also DENY Plaintiffs' Motion for Leave to File a Second Amended Complaint.  ECF No. 155.  A separate order will accompany this Memorandum Opinion.

Date: February 27, 2026

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge